IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPVENTURE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>FUJITSU LIMITED, FUJITSU AMERICA, INC., LENOVO GROUP LIMITED, and LENOVO (UNITED STATES) INC.<br><br>Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IpVenture, Inc. ("IpVenture") hereby pleads the following claims for patent infringement against Defendants Fujitsu Limited, Fujitsu America, Inc., Lenovo Group Limited, Lenovo (United States) Inc. and alleges as follows:

### THE PARTIES

1. Plaintiff IpVenture Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 5150 El Camino Real, Building A, Suite 22, Los Altos, California 94022.

2. On information and belief, Defendant Fujitsu Limited is a corporation organized and existing under the laws of Japan, having a principal place of business at Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan. Fujitsu Limited is a multinational company which, among other things, provides personal computer products and services worldwide. Fujitsu states on its website that it is a "leader in mobile computing." Fujitsu Limited conducts business throughout the United States, including in this judicial district. On information and belief, Fujitsu Limited operates throughout the United

COMPLAINT

States personally and through its wholly-owned subsidiary, Fujitsu America, Inc., and transacts business in this judicial district, including by selling and offering for sale of its products.

3. On information and belief, Defendant Fujitsu America, Inc. is a corporation organized and existing under the laws of the state of California, having its principal place of business at 1250 E. Arques Ave., Sunnyvale, CA 94085. On information and belief, Fujitsu America, Inc. operates throughout the United States and transacts business in this judicial district, including the sale and offering for sale of its "Lifebook" computer products through authorized resellers in this judicial district. In this complaint, Fujitsu Limited and Fujitsu America, Inc. are collectively referred to as "Fujitsu."

4. On information and belief, Defendant Lenovo Group Limited is a corporation organized and existing under the laws of Hong Kong with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560. Lenovo Group Limited is a multinational company which, among other things, provides personal computer products and services worldwide. According to Lenovo's website, Lenovo is "one of the world's largest makers of personal computers." On information and belief, Lenovo Group Limited operates throughout the United States personally and through its wholly-owned indirect subsidiary, Lenovo (United States) Inc., and transacts business in this judicial district, including by selling and offering for sale of its products.

5. On information and belief, Defendant Lenovo (United States) Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560. On information and belief, Lenovo (United States) Inc. operates throughout the United States and transacts business in this judicial district, including by selling and offering for sale of its products. In this complaint, Lenovo Group Limited and Lenovo (United States) Inc. are collectively referred to as "Lenovo."

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*, including § 271. This Court therefore has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1338(a) and § 1331.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) because, among other reasons, Defendants Fujitsu and Lenovo are subject to personal jurisdiction in this District and have committed acts of infringement in this District. On information and belief, Defendants have sold and offered for sale infringing products in this District.

## FIRST CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
## (Infringement of U.S. Patent No. 7,937,599)

8. IpVenture hereby incorporates the allegations of Paragraphs 1 through 7 as if fully set forth herein.

9. United States Patent No. 7,937,599 ("the '599 patent"), entitled "Thermal and Power Management for Computer Systems," was duly and legally issued on May 3, 2011. IpVenture is the owner by assignment of the entire right, title and interest in and to the '599 patent, and holds the right to sue and recover for past, present and future infringement. A true and correct copy of the '599 patent is attached as Exhibit A.

10. IpVenture is informed and believes, and thereon alleges, that Fujitsu has infringed and is currently infringing the '599 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing Fujitsu computers including but not limited to Fujitsu LIFEBOOK series computers, that incorporate and utilize the power and thermal management technologies claimed in the '599 patent, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Fujitsu also has infringed and continues to infringe the '599 patent by actively inducing infringement and/or contributorily infringing the '599 patent. Lenovo is therefore liable to IpVenture under 35 U.S.C. § 271.

11. IpVenture is informed and believes, and thereon alleges, that Lenovo has infringed and is currently infringing the '599 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing Lenovo brand computers including but not limited to ThinkPad and IdeaPad series computers, that incorporate and utilize the power and thermal management technologies claimed in the '599 patent, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Lenovo also has infringed and continues to infringe the '599 patent by actively inducing infringement and/or contributorily infringing the '599 patent. Lenovo is therefore liable to IpVenture under 35 U.S.C. § 271.

12. Defendants' acts of infringement have caused damage to IpVenture, and IpVenture is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount yet to be determined and subject to proof at trial. Unless enjoined, Defendants' infringement of IpVenture's rights under the '599 patent will continue to damage IpVenture, causing IpVenture irreparable injury as a direct and proximate result of Defendants' conduct.

## SECOND CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### Infringement of U.S. Patent No. 7,506,190

13. IpVenture hereby incorporates the allegations of Paragraphs 1 through 7 as if fully set forth herein.

14. United States Patent No. 7,506,190 ("the '190 patent"), entitled "Thermal and Power Management for Computer Systems," was duly and legally issued on March 17, 2009, 2001. IpVenture is the owner by assignment of all right, title and interest in and to the '190 patent. A copy of the '190 patent is attached as Exhibit B.

15. IpVenture is informed and believes, and thereon alleges, that Fujitsu has infringed and is currently infringing the '190 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing Fujitsu computers including but not limited to Fujitsu LIFEBOOK series computers, that practice and utilize the power and thermal management technologies claimed in the '190 patent, within this judicial district and elsewhere in

the United States, without authority or license from IpVenture. Fujitsu also has infringed and continues to infringe the '190 patent by actively inducing infringement and/or contributorily infringing the '190 patent. Fujitsu is therefore liable to IpVenture under 35 U.S.C. § 271.

16. IpVenture is informed and believes, and thereon alleges, that Lenovo has infringed and is currently infringing the '190 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing Lenovo brand computers including but not limited to ThinkPad and IdeaPad series computers, that practice and utilize the power and thermal management technologies claimed in the '190 patent, within this judicial district and elsewhere in the United States, without authority or license from IpVenture. Lenovo also has infringed and continues to infringe the '190 patent by actively inducing infringement and/or contributorily infringing the '190 patent. Lenovo is therefore liable to IpVenture under 35 U.S.C. § 271.

17. Defendants' acts of infringement have caused damage to IpVenture, and IpVenture is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount yet to be determined and subject to proof at trial. Unless enjoined, Defendants' infringement of IpVenture's rights under the '190 patent will continue to damage IpVenture, causing IpVenture irreparable injury as a direct and proximate result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, IpVenture prays for relief against Defendants and that the Court enter a judgment in favor of IpVenture providing as follows:

   A.   That Defendants have infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to one or more claims of the '599 and '190 patents under 35 U.S.C. § 271.

   B.   That Fujitsu and Lenovo and their affiliates, subsidiaries, directors, officers, employees, attorneys, agents and all persons in active convert or participation with any of the foregoing be preliminarily and permanently enjoined from further acts of

  infringement, inducing infringement, or contributory infringement of the '599 and '190 patents.

C.  That Defendants be required to pay IpVenture damages adequate to compensate IpVenture for Defendants' infringement of the '599 and '190 patents, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs under 35 U.S.C. § 284.

D.  That Defendants be ordered to provide an accounting.

E.  That Defendants be ordered to pay supplemental damages to IpVenture, including without limitation interest.

F.  That this be adjudged an exceptional case and that IpVenture be awarded its attorneys' fees pursuant to 35 U.S.C. § 285.

G.  That Defendants be required to pay pre- and post-judgment interest on the damages assessed.

H.  That IpVenture be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

IpVenture hereby demands a trial by jury on all issues so triable.

Dated: July 5, 2011

                                                              BLANK ROME LLP

                                                              */s/ Steven L. Caponi*

By: _____
                                         Steven L. Caponi (I.D. No. 3484)
                                         1201 Market Street, Suite 800
                                         Wilmington, DE  19801
                                         (302) 425-6400
                                         caponi@blankrome.com

                                         *Attorney for Plaintiff IpVenture*

OF COUNSEL:

Morgan Chu
Richard Birnholz
Babak Redjaian
Dorian Berger
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199