IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IPVENTURE, INC., )
)
        Plaintiff, )
)
v. ) C.A. No. 11-588-RGA
)
FUJITSU LIMITED et al., )
)
        Defendants. )
)
)

**REPLY BRIEF IN SUPPORT OF
LENOVO (UNITED STATES) INC.'S MOTION TO DISMISS
IPVENTURE, INC.'S AMENDED COMPLAINT**

OF COUNSEL:
John Flock
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1050
(212) 425-7200
jflock@kenyon.com

John R. Hutchins
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200
jhutchins@kenyon.com

Dated: January 13, 2012

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 NORTH BROOM STREET
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com
mch@pgslaw.com

*Counsel for Defendant Lenovo (United
States) Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... II

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    I.      IPVENTURE HAS FAILED TO ADEQUATELY PLEAD THE INFRINGING ACTS REQUIRED FOR INDIRECT INFRINGEMENT ................................................................................................ 1

    II.     IPVENTURE'S ALLEGATIONS REGARDING LENOVO US'S KNOWLEDGE OF THE PATENT ARE INSUFFICIENT ................................... 3

CONCLUSION ................................................................................................................... 4

## TABLE OF AUTHORITIES

**CASES**

*Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, No. 10-308-LPS-MPT, 2011 WL 1326053 (D. Del. Apr. 5, 2011) .................................................................................................................. 4

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro. Sys. LLC*, No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) ............................................................................................ 2

*MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-CV-112-TJW, 2011 WL 4347037 (E.D. Tex. Sept. 15, 2011) ................................................................................................................ 2

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1

Fed. R. Civ. P. 8 ....................................................................................................................... 1

## INTRODUCTION

IpVenture's indirect infringement allegations in the Amended Complaint (D.I. 36) are insufficient under Fed. R. Civ. P. 8 and the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* because it does not include sufficient allegations regarding the required elements of induced or contributory infringement.

First, the Amended Complaint fails to identify any act of direct infringement that Lenovo US purportedly induced or contributed to. Second, IpVenture has attempted to construct allegations relating to knowledge of the asserted patents based solely on speculation. IpVenture has not provided any facts that show Lenovo US had actual knowledge of the asserted patents; instead it makes assertions about patents *related* to the asserted patents, not the asserted patents themselves. This speculation does not amount to a facially plausible allegation that Lenovo US was aware of and intended to infringe the asserted patents. Accordingly, IpVenture's allegations do not meet Rule 8's pleading requirements and IpVenture's claims of induced and contributory infringement should be dismissed under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I. IPVENTURE HAS FAILED TO ADEQUATELY PLEAD THE INFRINGING ACTS REQUIRED FOR INDIRECT INFRINGEMENT

As stated in Lenovo US's Opening Brief, nowhere in the Amended Complaint does IpVenture identify an act of direct infringement that Lenovo US purportedly induced or contributed to. (*See* D.I. 36.) Failure to sufficiently plead each of the elements of an indirect infringement claim warrants dismissal of the complaint, as the case law cited in Lenovo US's Opening Brief clearly shows. (*See* D.I. 44 at 9.)

IpVenture states in its Responsive Brief that it has "alleged actual knowledge by Lenovo and direct infringement by its users." (D.I. 54 at 7.) IpVenture then argues that it should not

have to identify specific third party infringers. (*Id.* at 7-8.) However, IpVenture's argument misses the point. It has failed to identify *any* third party, either generally or specifically, that has allegedly committed an act of direct infringement that Lenovo US has induced or contributed to. There is no mention in IpVenture's complaint of "users" or "purchasers" of Lenovo products.

The cases cited by IpVenture do not support its argument (*see* D.I. 54 at 7-8). In both *Minkus* and *MobileMedia*, the courts acknowledged that the plaintiff does not have to identify specific third parties that have committed acts of direct infringement. *Minkus Elec. Display Sys. Inc. v. Adaptive Micro. Sys. LLC*, No. 10-666-SLR, 2011 WL 941197, at *3 (D. Del. Mar. 16, 2011); *MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-CV-112-TJW, 2011 WL 4347037, at *3 (E.D. Tex. Sept. 15, 2011). However, the *Minkus* case provides no further guidance on this point, and does not hold that a failure to plead any act of direct infringement, as is the case here, would be sufficient. *MobileMedia* is distinguishable because, as stated by the court, "[t]he complaint in this case identifies that HTC's customers would necessarily be the direct infringers with respect to the indirect infringement claims." *MobileMedia*, 2011 WL 4347037, at *3. In contrast, IpVenture has failed to allege any third party (generally or specifically) that has committed an act of direct infringement.

IpVenture also states that its direct infringement claims against Lenovo US "support IpVenture's allegations of third-party infringement for purpose of its inducement claim." (D.I. 54 at 7-8.) However, indirect infringement requires an act of direct infringement by a third party, and therefore any alleged direct infringement by Lenovo US itself is irrelevant to the question of whether IpVenture has provided a sufficient pleading of indirect infringement.

## II. IPVENTURE'S ALLEGATIONS REGARDING LENOVO US'S KNOWLEDGE OF THE PATENT ARE INSUFFICIENT

In its opposition IpVenture does not dispute that its indirect infringement claims against Lenovo US focus on the alleged knowledge of patents *other than* those asserted in the Amended Complaint. For example, with regard to the '599 Patent, IpVenture alleges that "Lenovo had actual knowledge of one [or] more patents in the '599 patent family no later than September 2003." (D.I. 36 at ¶ 26.) IpVenture offers the same statement regarding knowledge of "one or more patents in the ... patent family" for each of the '190, '668, and '993 Patents. (D.I. 36 at ¶¶ 35, 44, 53.) Thus, IpVenture fails to provide allegations of fact that Lenovo US had actual knowledge of any of the asserted patents. Nor has IpVenture cited any case where allegations have been deemed sufficient where they relate only to patents other than those that have been asserted.

As stated in Lenovo US's Opening Brief, IpVenture's factual assertions also fail to plausibly suggest that Lenovo US had any knowledge of "one or more patents in the '599 patent family" (much less knowledge of the actual patents-in-suit). In the case of the alleged September 15, 2003 letter from IpVenture to IBM, IpVenture suggests that IBM's knowledge should be imputed to Lenovo US. However, the case that IpVenture cites in support of this proposition, *Carl Zeiss*, demonstrates the deficiency in IpVenture's pleading. In that case, the plaintiff provided a "merger agreement" in which the acquiring company agreed to allow the acquired company to continue operations, including selling the allegedly infringing products. *Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, No. 10-308-LPS-MPT, 2011 WL 1326053, at *3 (D. Del. Apr. 5, 2011). The Court in *Carl Zeiss* did not hold that the pleading of knowledge by the acquiring company was sufficient merely because it had acquired the accused direct infringer, and unlike

the plaintiff in *Carl Zeiss*, IpVenture has provided no allegations of facts relating to a passage of knowledge of the asserted patents from IBM to Lenovo.

IpVenture now attempts to save its deficient pleading by arguing that Lenovo US had knowledge of the asserted patents as of the date the complaints were filed in this case. That is not what IpVenture has pled. Its complaint states that Lenovo US "had actual knowledge of one [or] more patents in the '599 patent family no later than September 2003." (D.I. 36 at ¶ 26.) IpVenture offers the same statement regarding the date that it alleges Lenovo US had knowledge of the '190, '668, and '993 Patents. (D.I. 36 at ¶¶ 35, 44, 53.) IpVenture has not relied on the filing of the complaints in stating its allegation for indirect infringement, and those dates clearly cannot provide a basis for IpVenture's allegation of knowledge "no later than September 2003."

IpVenture's indirect infringement claim cannot pass muster under the *Iqbal* pleading standard and should be dismissed.

## CONCLUSION

For all the foregoing reasons and those set forth in Lenovo US's Opening Brief, Lenovo US respectfully requests that the Court grants its motion to dismiss IpVenture's indirect infringement claims against Lenovo US.

Dated: January 13, 2012                              PHILLIPS, GOLDMAN & SPENCE, P.A.

                                                     */s/ John C. Phillips, Jr.*

| | |
|---|---|
| OF COUNSEL:<br>John Flock<br>KENYON & KENYON LLP<br>One Broadway<br>New York, New York 10004-1050<br>(212) 425-7200<br>jflock@kenyon.com<br><br>John R. Hutchins<br>KENYON & KENYON LLP<br>1500 K Street, NW<br>Washington, DC 20005-1257<br>(202) 220-4200<br>jhutchins@kenyon.com | John C. Phillips, Jr. (No. 110)<br>Megan C. Haney (No. 5016)<br>1200 NORTH BROOM STREET<br>Wilmington, DE 19806<br>(302) 655-4200<br>jcp@pgslaw.com<br>mch@pgslaw.com<br><br>*Counsel for Defendant Lenovo (United States) Inc.* |