IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPVENTURE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-588-RGA |
| | ) | |
| ACER, INC., ACER AMERICA | ) | **JURY TRIAL DEMANDED** |
| CORPORATION, GATEWAY, INC., | ) | |
| ASUSTEK COMPUTER INC., | ) | |
| ASUS COMPUTER INTERNATIONAL, | ) | |
| DELL INC., FUJITSU LIMITED, | ) | |
| FUJITSU AMERICA, INC., | ) | |
| LENOVO GROUP LIMITED, LENOVO | ) | |
| (UNITED STATES) INC., SAMSUNG | ) | |
| ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., TOSHIBA CORPORATION, | ) | |
| TOSHIBA AMERICA, INC., and | ) | |
| TOSHIBA AMERICA INFORMATION, | ) | |
| SYSTEMS INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ASUSTEK COMPUTER INC. AND**
**ASUS COMPUTER INTERNATIONAL'S OPENING BRIEF IN SUPPORT OF**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO SEVER AND TRANSFER**

ASHBY & GEDDES
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for ASUSTeK Computer Inc. and*
*ASUS Computer International*

*Of Counsel:*

John P. Schnurer
Michael J. Engle
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130
(858) 720-5700
jschnurer@perkinscoie.com
mengle@perkinscoie.com

Dated: February 21, 2012

# TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ........................................................................................ 1

II.    PROCEDURAL BACKGROUND......................................................................... 2

III.    FACTUAL BACKGROUND ........................................................................... 2

IV.    ARGUMENT ............................................................................................ 3

     A.    Neither ASUS Defendant Is Subject To Personal Jurisdiction In Delaware ........ 3

         1.    Personal Jurisdiction Requires Actual Facts, Not Mere Allegations......... 3

         2.    IpVenture Has Not Alleged General Jurisdiction, and Cannot Because It Requires Actions By Defendants In Delaware......................... 4

         3.    Specific Jurisdiction Requires a Defendant's Actions Occur *in Delaware*, yet the ASUS Defendants Have Not Performed Any Relevant Actions in Delaware. ................................................. 6

         4.    Due Process Requires That Defendants Target Delaware. ...................... 7

     B.    Venue Is Not Proper In Delaware ......................................................... 8

     C.    Failure to State a Claim...................................................................... 9

         1.    IpVenture Has Not Pled Multiple Elements for Indirect Infringement................................................................................ 9

         2.    IpVenture Has Not Pled the Knowledge Required For Willfulness........ 11

     D.    Improper Joinder ............................................................................ 12

     E.    If The Case Is Not Dismissed, It Should Be Transferred To The Northern District Of California, Where Both the Plaintiff and Defendant Are Located.......................................................................................... 14

         1.    The Law of Transfers...................................................................... 14

         2.    The ASUS Defendants Would Submit To Personal Jurisdiction And Venue In The Northern District Of California................................ 15

         3.    The Third Circuit Factors Favor A Transfer, Especially Given The Lack Of Connections To Delaware................................................... 15

             a.    Defendants' Forum Preference ................................................ 16

             b.    The Convenience of the Parties ............................................... 16

             c.    The Convenience of Third Parties ............................................ 17

             d.    Whether the Claim Arose Elsewhere ......................................... 18

             e.    Plaintiff's Forum Preference.................................................... 18

             f.    Practical Considerations Making Trial Easier, Less Expensive, or More Expeditious................................................. 19

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

g.  Local Interest in Deciding Local Controversies at Home and Public Policies of the Fora ...................................................... 19

h.  IpVenture's Other Litigation........................................................ 19

i.  Relative Administrative Difficulty in the Two For a Resulting from Court Congestion ................................................ 20

V.  CONCLUSION.................................................................................................... 20

ii

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Acer America Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010).................................................................15

*Affymetrix, Inc. v. Synteni, Inc.*,
    28 F. Supp. 2d 192 (D. Del. 1998)...........................................................17

*Air Vent, Inc. v. Owens Corning Corp.*,
    No. 02:10–cv–01699, 2011 WL 2601043 (W.D. Pa. June 30, 2011) .......................9

*Androphy v. Smith & Nephew, Inc.*,
    31 F. Supp. 2d 620 (N.D. Ill. 1998) .........................................................12

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
    772 F. Supp. 1458 (D. Del. 1991)...........................................................6, 7

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
    295 F. Supp. 2d 393 (D. Del. 2002).........................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................9, 10

*Avocent Huntsville Corp. v. ATEN International Co.*,
    552 F.3d 1324 (Fed. Cir. 2008)................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................9

*Boram Pharm. Co. v. Life Techs. Corp.*,
    No. 10-31, 2010 WL 2802727 (D. Del. July 14, 2010) ................................18, 19

*Boston Scientific Corp. v. Wall Cardiovascular Technology, LLC*,
    647 F. Supp. 2d 358 (D. Del. 2009).........................................................6

*Brandywine Communications Technologies, LLC v. Audiovox Corp.*,
    No. 6:11-cv-1367, Exh. 1 (M.D. Fla. Jan. 24, 2012) ...................................13

*Children's Network, LLC v. Pixfusion LLC*,
    722 F. Supp. 2d 404 (S.D.N.Y. 2010).......................................................19

*Colt Def. LLC v. Heckler & Koch Def., Inc.*,
    No. 2:04-cv-258, 2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004).......12, 14

*D'Jamoos v. Pilatus Aircraft Ltd.*,
    566 F.3d 94 (3d Cir. 2009).................................................................5, 8

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Dejana v. Marine Tech., Inc.,*
  No. 10-cv-4029(JS)(WDW), 2011 WL 4530012 (E.D.N.Y. Sept. 26, 2011)..........................8

*DSU Med. Corp. v. JMS Co.,*
  471 F.3d 1293 (Fed. Cir. 2006)..........................................................................................9

*EIT Holdings LLC v. Yelp, Inc.,*
  No. C 10-05623, 2011 WL 2192820 (N.D. Cal., May 12, 2011) ............................................14

*Electronics for Imaging, Inc. v. Coyle,*
  340 F.3d 1344 (Fed. Cir. 2003)..........................................................................................7

*EON Corp. v. FLO TV Inc.,*
  802 F. Supp. 2d 527 (D. Del. 2011)....................................................................................10

*Eurofins Pharma US Holdings v. Bioalliance Pharma SA,*
  623 F.3d 147 (3d Cir. 2010)...............................................................................................6

*F5 Networks Inc. v. A10 Networks Inc.,*
  No. C07-1927RSL, 2008 WL 687114 (W.D. Wash. 2008)...................................................11

*Fourco Glass Co. v. Transmirra Products Corp.,*
  353 U.S. 222 (1957)...........................................................................................................8

*Freres v. SPI Pharma, Inc.,*
  629 F. Supp. 2d 374 (D. Del. 2009)..................................................................................4, 5

*Global-Tech Apps., Inc. v. SEB S.A.,*
  131 S. Ct. 2060 (2011)...................................................................................................9, 11

*Goodyear Dunlop Tires Operations, SA v. Brown,*
  131 S. Ct. 2846 (2011).......................................................................................................5

*Ho Keung, TSE v. eBay, Inc.,*
  No. C 11-01812, 2011 U.S. Dist. LEXIS 59675 (N.D. Cal. June 2, 2011) ............................14

*IMO Indus., Inc. v. Kiekert AG,*
  155 F.3d 254 (3d Cir. 1998)............................................................................................3, 7

*IpVenture, Inc. v. Cellco Partnership,*
  No. 10-04755, 2011 WL 207978 (N.D. Cal. Jan. 21, 2011)..............................................9, 10

*J. McIntyre Mach., Ltd. v. Nicastro,*
  131 S. Ct. 2780 (2011).......................................................................................................8

iv

## TABLE OF AUTHORITIES
(continued)

Page(s)

*J2 Global Communications, Inc. v. Protus IP Solutions, Inc.*,
No. 6:08-cv-211, 2008 WL 5378010 (E.D. Tex. Dec. 23, 2008) .............................................20

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995)..................................................................................15, 16, 19

*Kehm Oil Co. v. Texaco, Inc.*,
537 F.3d 290 (3d Cir. 2008)...........................................................................................4

*Lafferty v. St. Riel*,
495 F.3d 72 (3d Cir. 2007)..........................................................................................15

*In re Link_A_Media Corp.*,
662 F.3d 1221 (Fed. Cir. 2011).............................................................................. *passim*

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
670 F. Supp. 2d 349 (D. Del. 2009)...............................................................................11

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
77 F. Supp. 2d 505 (D. Del. 1999)................................................................................17

*Merck & Co. v. Barr Laboratories, Inc.*,
179 F. Supp. 2d 368 (D. Del. 2002)................................................................................5

*Monsanto Co. v. Syngenta Seeds, Inc.*,
443 F. Supp. 2d 636 (D. Del. 2006)................................................................................5

*New Jersey Mach., Inc. v. Alford Indus., Inc.*,
No. 89-1879, 1991 WL 340196 (D.N.J. Oct. 7, 1991),
*aff'd*, 983 F.2d 1087 (Fed. Cir. 1992)...........................................................................12

*Oticon, Inc. v. Sebotek Hearing Sys., LLC*,
--- F. Supp. 2d ---, 2011 WL 3702423 (D.N.J. 2011)...........................................................8

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
564 F. Supp. 1358 (D. Del. 1983)................................................................................12

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
220 F.R.D. 415 (D. Del. 2004) ..................................................................................12

*QinetiQ Ltd. v. Oclaro, Inc.*,
No. 09-372 (JAP), 2009 WL 5173705 (D. Del. Dec. 18, 2009)..............................................18

*R&L Carriers, Inc. v. Affiliated Camp. Servs.*,
695 F. Supp. 2d 680 (S.D. Ohio 2010) ..........................................................................11

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ............................................................................. 11

*Sorensen v. DMS Holdings, Inc.*,
    No. 08CV559-BTM-CAB, 2010 WL 4909615 (S.D. Cal. Nov. 24, 2010) ............ 13

*Stonite Products Co. v. Melvin Lloyd Co.*,
    315 U.S. 561 (1942) ................................................................................................. 8

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*,
    676 F. Supp. 2d 321 (D. Del. 2009) ....................................................... 15, 18, 19

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984) ............................................................................. 3, 4, 7

*ThermaPure, Inc. v. Temp-Air, Inc.*,
    No. 10-cv-4724, 2010 WL 5419090 (N.D. Ill. Dec. 22, 2010) ........................... 13

*TriStrata Technology, Inc. v. Neoteric Cosmetics, Inc.*,
    961 F. Supp. 686 (D. Del. 1997) ............................................................................ 5

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ..................................................................... 14, 15

*VE Holding Corp. v. Johnson Gas App. Co.*,
    917 F.2d 1574 (Fed. Cir. 1990) .............................................................................. 8

*Wacoh Co. v. Kionix Inc.*,
    No. 10-617-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012) ................................. 17

*WiAV Networks, LLC v. 3Com Corp.*,
    No. 10-03448, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ............................... 12

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ..................................................................... 11

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010) ............................................................................ 20

**STATUTES**

28 U.S.C. § 1391 ............................................................................................................ 8

28 U.S.C. § 1400 ............................................................................................................ 8

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

28 U.S.C. § 1404 ..................................................................................................1, 14, 15

28 U.S.C. § 1406 ..................................................................................................1, 14, 15

28 U.S.C. § 1631 ..................................................................................................1, 14, 15

35 U.S.C. § 271 ...........................................................................................................9, 11

35 U.S.C. § 299 ...............................................................................................................12

Del. Code Ann. tit. 10, § 3104 ......................................................................................4, 6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12 ........................................................................1, 3, 9

Federal Rule of Civil Procedure 21 ................................................................................1

Pursuant to Federal Rules of Civil Procedure 12 and 21, defendants ASUSTeK Computer Inc. and ASUS Computer International respectfully move the Court to dismiss this action against them for lack of personal jurisdiction, improper venue, failure to state a claim, and misjoinder. In the alternative, ASUSTeK Computer Inc. and ASUS Computer International respectfully request that the Court sever the case against them and transfer it to the Northern District of California pursuant to 28 U.S.C. §§ 1406(a) and 1631, or § 1404(a).

## I.    INTRODUCTION

This case should be dismissed because this Court lacks personal jurisdiction and venue over the ASUS Defendants. Neither is incorporated or registered to do business in Delaware. Neither has employees, documents, or places of business in Delaware. And neither has bank accounts, real estate, or subsidiaries in Delaware. While IpVenture improperly blends ASUSTeK Taiwan and ASUS California together, none of the alleged acts of ASUSTeK Taiwan occurred in Delaware, and IpVenture has not identified a single accused product sold by ASUS California to customers in Delaware.

IpVenture has also failed to state a claim for indirect infringement or willfulness. It fails to set forth practically any element of those claims, including failing to identify who or what performs the underlying direct infringement, what acts of the ASUS Defendants constitute indirect infringement, or how the ASUS Defendants had actual knowledge of the patents-in-suit.

IpVenture has also misjoined the ASUS Defendants to an action with a multitude of competitors selling unrelated and competing products. The alleged actions of the ASUS Defendants do not arise from the "same transactions," "same accused product," and "questions of fact common to all defendants" as required by statute. Merely suing on the same patent is statutorily insufficient to join multiple competitors together in the same suit.

Finally, to the extent the case is not dismissed, the ASUS Defendants should be severed from the case and the case against them transferred to the Northern District of California. Plaintiff IpVenture is incorporated and headquartered in the Northern District of California, as is defendant ASUS California. The alleged actions of ASUS California occurred in the Northern

District of California.  One of the two inventors is in the Northern District of California, as are many prior art witnesses.  By contrast, not one relevant witness or document is in Delaware.  In line with the recent Federal Circuit precedent *In re Link_A_Media*, this case must be transferred.

## II.   PROCEDURAL BACKGROUND

On November 28, 2011, plaintiff IpVenture, Inc. ("IpVenture") filed a First Amended Complaint for Patent Infringement ("Complaint") adding ASUSTeK Computer Inc. and ASUS Computer International (collectively "ASUS Defendants") as defendants and alleging all defendants had infringed four patents.  D.I. 36.  On December 22, 2011, the Court granted a stipulated extension ordering that the time for the ASUS Defendants to answer, move, or otherwise respond to the First Amended Complaint was extended to February 20, 2012.

## III.   FACTUAL BACKGROUND

Defendant ASUSTeK Computer Inc. ("ASUSTeK Taiwan") is a Taiwanese corporation with its principal place of business in Taiwan.  Decl. of Connie Huang ("Huang Decl.") ¶ 2.  While IpVenture has not identified the accused products, ASUSTeK Taiwan's products generally are designed and manufactured in Taiwan or China.  *Id.* ¶ 8.  ASUSTeK Taiwan does not sell its products or solicit business directly in Delaware.  *Id.* ¶ 9.  Instead, it sells title of its products to ASUS Technology Pte Ltd. ("ASUS Singapore") in Taiwan or China.  *Id.* ¶¶ 9-10.

Defendant ASUS Computer International ("ASUS California") is a California corporation with its principal place of business in Fremont, California.  Decl. of Godwin Yan ("Yan Decl") ¶ 2.  About 93% of its employees are in Fremont, which is in the Northern District of California.  *Id.* ¶ 14.  ASUS California purchases its products and receives them from ASUS Singapore, not ASUSTeK Taiwan.  *Id.* ¶ 9.  ASUS California generally receives the products at ports or airports in San Francisco, Oakland, or Los Angeles, California.  *Id.*  ASUS California stores its products in California or Florida, not in Delaware.  *Id.* ¶ 10.  While IpVenture has not identified any accused products, ASUS California sells only a trivial amount of products to customers in Delaware, constituting less than 0.02% of its revenue for all products.  *Id.* ¶ 11.

Neither ASUS Defendant has any place of business or employee in Delaware.  Huang

Decl. ¶ 3; Yan Decl. ¶ 3.  Neither owns any real estate or bank account in Delaware.  Huang

Decl. ¶ 4; Yan Decl. ¶ 4.  Neither is registered to do business in Delaware.  Huang Decl. ¶ 5; Yan

Decl. ¶ 5.  Neither has a registered agent of process in Delaware.  Huang Decl. ¶ 6; Yan Decl.

¶ 6.  Neither owns or controls any subsidiary in Delaware.  Huang Decl. ¶ 7; Yan Decl. ¶ 7.

Neither designs or manufactures products in Delaware.  Huang Decl. ¶ 8; Yan Decl. ¶ 8.  Neither

advertises directly in Delaware.  Huang Decl. ¶ 11; Yan Decl. ¶ 12.  Neither is aware of any

employee traveling to Delaware on their behalf.  Huang Decl. ¶ 12; Yan Decl. ¶ 13.  And neither

has any relevant witnesses or documents in Delaware.  Huang Decl. ¶ 13; Yan Decl. ¶ 14.

According to its Complaint, IpVenture is incorporated in California, not Delaware, and

its principal place of business is in Los Altos, California.  D.I. 36 ¶ 1.  Los Altos is in the

Northern District of California.  To the best of the ASUS Defendants' knowledge, IpVenture

does not have any place of business or employee in Delaware.

## IV.     ARGUMENT

### A.     Neither ASUS Defendant Is Subject To Personal Jurisdiction In Delaware

#### 1.     Personal Jurisdiction Requires Actual Facts, Not Mere Allegations

IpVenture's Complaint must be dismissed because neither ASUSTeK Taiwan nor ASUS

California are subject to personal jurisdiction in Delaware.  Personal jurisdiction in patent cases

is governed by Federal Circuit law because the jurisdictional issue is intimately involved with the

substance of the patent laws.  *Avocent Huntsville Corp. v. ATEN Int'l Co.*, 552 F.3d 1324, 1328

(Fed. Cir. 2008).  "Determining whether personal jurisdiction exists over an out-of-state

defendant involves two inquiries:  whether a forum state's long-arm statute permits service of

process, and whether the assertion of personal jurisdiction would violate due process."  *Id.* at

1329.  While a court must accept a plaintiff's allegations as true for purposes of a motion to

dismiss, "the plaintiff bears the burden of proving that personal jurisdiction is proper."  *IMO

Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998).  "[A]t no point may a plaintiff rely

on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss

for lack of in personam jurisdiction."  *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735

F.2d 61, 66 n.9 (3d Cir. 1984). "Once the motion is made, plaintiff must respond with actual proofs, not mere allegations," and the plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Id.*

IpVenture makes boilerplate assertions that the ASUS Defendants "are subject to personal jurisdiction in this District" without identifying a single *fact*. D.I. 36 ¶ 22. When looking at the facts, however, there is no statutory basis for asserting personal jurisdiction over the ASUS Defendants, and due process prohibits personal jurisdiction because the ASUS Defendants have not purposefully targeted Delaware.

Federal courts have recognized two types of personal jurisdiction: general and specific jurisdiction. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Id.* Under the Delaware long-arm statute, "[s]ubsection (c)(1)-(3) and (5)-(6) are specific jurisdiction provisions, where there must be a nexus between the cause of action and the conduct of the defendant as a basis for jurisdiction. Subsection (c)(4) is a general jurisdiction provision, which requires a greater extent of contacts, but applies when the claim is unrelated to forum contacts." *Freres v. SPI Pharma, Inc.*, 629 F. Supp. 2d 374, 383 (D. Del. 2009) (footnote omitted).[1]

**2.    IpVenture Has Not Alleged General Jurisdiction, and Cannot Because It Requires Actions By Defendants In Delaware**

IpVenture has not alleged general jurisdiction. Its only statement regarding personal jurisdiction is clearly focused on specific jurisdiction: "On information and belief, Defendants have sold and offered for sale infringing products in this District." D.I. 36 ¶ 22. Nevertheless, even if IpVenture had pled general jurisdiction, it would fail as a matter of law. "While seemingly broad in its language, the standard for general jurisdiction is high in practice and not

---

[1] While IpVenture has not identified what portion of Delaware's long-arm statute, if any, it relies on for personal jurisdiction (nor even identified the statute), subsections 5 and 6 are inapplicable because they deal with real property and insurance. Del. Code Ann. tit. 10, § 3104(c) (2010).

often met." *TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691 (D. Del. 1997). "[A] plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 375 (D. Del. 2002).

Delaware courts find no general jurisdiction when the defendants "do not conduct business in Delaware"; "are not registered to do business in Delaware"; "do not produce, market or sell…any product in Delaware"; and "do not have a bank account, a telephone number or an address in Delaware." *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 643 (D. Del. 2006). This is exactly the case with ASUSTeK Taiwan. Huang Decl. ¶¶ 3-11.

Small amounts of sales also do not give rise to general jurisdiction. For example, in *Merck*, the court found no general jurisdiction when the defendant had "no employees, bank accounts, or real estate in Delaware" and "[t]he total revenue [the defendant] derives from Delaware, approximately $991,000 annually, is less than one percent of [the defendant's] total revenue." *Merck*, 179 F. Supp. 2d at 375; *Freres*, 629 F. Supp. 2d at 392 ("[T]he revenue derived from that equipment was less than 1% of Co-Defendants' annual revenue for 2005, and therefore, not substantial enough to warrant an exercise of jurisdiction."). ASUS California had significantly fewer sales to customers in Delaware than those in *Merck* and *Freres* (0.02% vs. 1%, or $250,000 vs. $991,000). Yan Decl. ¶ 11. And as discussed above, ASUS California has no employees, places of business, bank accounts, or real estate in Delaware. Yan Decl. ¶¶ 3-12. Thus, there is no general jurisdiction over ASUS California.

Finally, in a recent Supreme Court case, a unanimous court rejected the notion that "any substantial manufacturer or seller of goods" be amenable to suit "wherever its products are distributed." *Goodyear Dunlop Tires Ops., SA v. Brown*, 131 S. Ct. 2846, 2856 (2011); *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 106 (3d Cir. 2009). In *Goodyear*, despite the defendants' distributors having sold thousands of tires in North Carolina and those distributors actually being subsidiaries or sister corporations of the defendants, only actions of the *defendants* towards North Carolina mattered, not actions of the distributors. 131 S. Ct. at 2852, 2855. Thus, there can be no general jurisdiction over ASUSTeK Taiwan based on actions by ASUS

California, nor over either ASUS Defendant based on the actions of third-party distributors.

### 3. Specific Jurisdiction Requires a Defendant's Actions Occur *in Delaware*, yet the ASUS Defendants Have Not Performed Any Relevant Actions in Delaware.

For specific jurisdiction, Delaware's long-arm statute requires the actions by a defendant giving rise to the cause of action occur *in Delaware*. Specifically, § 3104(c) requires that a defendant (1) "Transacts any business or performs any character of work or service *in the State*;" (2) "Contracts to supply services or things *in this State*;" or (3) "Causes tortious injury in the State by an act or omission *in this State*." Del. Code Ann. tit. 10, § 3104(c) (emphasis added). Transacting business, even with a Delaware corporation, outside of Delaware does not satisfy Delaware's long-arm statute. *Boston Sci. Corp. v. Wall Cardiovascular Tech., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009); *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (affirming lack of specific jurisdiction when there was "no indication that [the defendant] committed any act or omission in Delaware").

IpVenture has not pled *any* facts in its Complaint regarding specific jurisdiction. Its sole statement about acts in Delaware is that all defendants (with no distinction) "have sold or offered for sale infringing products in this District."[2] D.I. 36 ¶ 22. The *facts*, however, show otherwise.

First, as explained above, ASUSTeK Taiwan does not sell or offer for sale any of the accused products in Delaware. Huang Decl. ¶ 9. Thus, there is no action by ASUSTeK Taiwan in Delaware that gives rise to a statutory basis for specific jurisdiction. While IpVenture inappropriately lumps together ASUSTeK Taiwan and ASUS California, IpVenture has not alleged that ASUS California is ASUSTeK Taiwan's alter ego or agent, so ASUSTeK Taiwan cannot be subject to personal jurisdiction for the actions of ASUS California. *Applied Biosys., Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991).

Second, while IpVenture has not yet identified a single accused product, ASUS

---

[2] In sections other than the personal jurisdiction paragraph, IpVenture alleges (again without any facts) that "Asus has infringed…by…making, using, selling, offering to sell, and/or importing within this judicial district." D.I. 36 ¶¶ 32, 41, 50, 59. To the extent such statements also apply making, using, or importing to personal jurisdiction, the *facts* are the ASUS Defendants do not manufacture, use, or import the accused products in Delaware. Huang Decl. ¶¶ 3, 8-10; Yan Decl. ¶¶ 3, 8-10. IpVenture has no reasonable basis for asserting otherwise.

California has a trivial number of sales to customers in Delaware, totaling less than 0.02% of all revenue. Yan Decl. ¶ 11. Thus, ASUS California clearly has not sold many of its products in Delaware, making it likely that ASUS California has not sold in Delaware many if not all of the yet to be identified accused products. Moreover, ASUS California should not be punished for IpVenture's failure to identify *any* accused products. As noted above, "the plaintiff bears the burden of proving that personal jurisdiction is proper," *IMO*, 155 F.3d at 257, and "plaintiff must respond with actual proofs, not mere allegations." *Time Share*, 735 F.2d at 66 n.9. If IpVenture believes ASUS California has sold accused products in Delaware, the burden should be on IpVenture to identify the products rather than leaving ASUS California to guess.

Finally, offering or selling products across the United States is not sufficient; there must be an act in Delaware. *See, e.g., Applied Biosys.*, 772 F. Supp. at 1467-68 ("Advertising in widely distributed national magazines does not qualify as transacting business in Delaware.").

### 4.   Due Process Requires That Defendants Target Delaware.

Even after the statutory prong, a plaintiff must show that personal jurisdiction still meets constitutional due process. "To determine whether jurisdiction over an out-of-state defendant comports with due process, we look to whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003). "The first two factors correspond to the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor with the 'fair play and substantial justice' prong." *Id.* "[T]he plaintiff bears the burden to establish minimum contacts."[3] *Id.* "The threshold requirement is that the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State."

---

[3] Because IpVenture has not sufficiently pled minimum contacts, the Court need not even reach the "reasonable and fair" prong. However, for all the reasons set forth in the section on transfer, the Northern District of California is the far more "reasonable and fair" forum to proceed in. *See Elecs. for Imaging*, 340 F.3d at 1352 (setting forth factors such as "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.").

*D'Jamoos*, 566 F.3d at 102-103 (quotation omitted).  As discussed above, neither ASUSTeK

Taiwan nor ASUS California have purposefully directed their activities at Delaware residents or

purposefully availed themselves of the privilege of conducting activities within Delaware, and

IpVenture has not identified a single *fact* showing otherwise.

To the extent IpVenture argues that targeting the United States is sufficient, the courts

hold otherwise: "there is no doubt that *Nicastro* stands for the proposition that targeting the

national market is not enough to impute jurisdiction to all the forum States." *Oticon, Inc. v.*

*Sebotek Hearing Sys., LLC*, --- F. Supp. 2d ---, 2011 WL 3702423, at *9 (D.N.J. 2011) (citing *J.*

*McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011)); *Dejana v. Marine Tech., Inc.*, No. 10-

cv-4029(JS)(WDW), 2011 WL 4530012, at *5-6 (E.D.N.Y. Sept. 26, 2011).  As such, due

process prohibits personal jurisdiction against both ASUSTeK Taiwan and ASUS California.

## B.     Venue Is Not Proper In Delaware

IpVenture asserts "[v]enue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

(b) and (c) because, among other reasons, [all defendants] are subject to personal jurisdiction in

this District and have committed acts of infringement in this District."  D.I. 36 ¶ 22.  The

Supreme Court, however, has held the "general venue provision" of § 1391(b) "is, of course, not

applicable" to patent cases.  *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 567 (1942).

IpVenture has not alleged venue under any other statute, and thus this case should be dismissed.[4]

---

[4]     Even under 28 U.S.C. § 1400, venue is improper.  That section provides that patent infringement cases
"may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of
infringement and has a regular and established place of business."  As discussed above, the ASUS Defendants do
not have any "place of business" in Delaware so only the first clause (where a defendant resides) may be relevant.
        Section 1391(c) provides a definition for "resides," but there is conflicting precedent whether § 1391(c)
applies to patent cases.  *Compare Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)
("§ 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to
be supplemented by the provisions of 28 U.S.C. § 1391(c)."), *with VE Holding Corp. v. Johnson Gas App. Co.*, 917
F.2d 1574 (Fed. Cir. 1990) (debating whether a minor amendment to § 1391(c) overturned 30 years of Supreme
Court precedent).  Either way, venue is not proper here.  If § 1391(c) does not apply, then "'resident,' as respects
venue, .... in respect of corporations, mean[s] the state of incorporation only." *Fourco*, 353 U.S. at 226 (quotation
omitted).  Neither ASUS Defendant is incorporated in Delaware.  Huang Decl. ¶ 2; Yan Decl. ¶ 2.  Therefore, venue
is not proper in Delaware under *Fourco*.  If § 1391(c) does apply to patent cases, that section states "a defendant that
is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the
time the action is commenced."  As discussed above, neither ASUS Defendant is subject to personal jurisdiction.

## C.    Failure to State a Claim

IpVenture has failed to state a claim for indirect infringement and willfulness under the standard required from *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  As such, pursuant to Rule 12, the Court should dismiss or strike those allegations, or order the plaintiff to provide a more definite statement.  Given Lenovo's motion to dismiss on very similar grounds, [D.I. 44], the ASUS Defendants will only briefly summarize and expand upon IpVenture's failure to state a claim here.

### 1.    IpVenture Has Not Pled Multiple Elements for Indirect Infringement

IpVenture has failed to state a claim of indirect infringement on multiple levels.  First, indirect infringement requires direct infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006).  Yet IpVenture has not identified *any* direct infringement.  It has not identified who performs the direct infringement or even what the product or process of direct infringement is.  As such, IpVenture's indirect infringement allegations must be dismissed. *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10–cv–01699, 2011 WL 2601043, at *4-6 (W.D. Pa. June 30, 2011).  Indeed, IpVenture's complaints regarding indirect infringement have been dismissed for the very same reason in at least one of IpVenture's other cases. *IpVenture, Inc. v. Cellco Partnership*, No. 10-04755, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011).

Second, IpVenture has not identified what acts of the ASUS Defendants allegedly constitute inducement or contributory infringement.  Such acts are the central element of any indirect infringement claim under 35 U.S.C. § 271, yet IpVenture has not even hinted at what acts the ASUS Defendants have allegedly performed.

Third, both inducement and contributory infringement require "knowledge of the existence of the patent that is infringed." *Global-Tech Apps., Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).  IpVenture has not pled that ASUS had any knowledge of the *patents-in-suit*.  Rather, IpVenture merely pled that ASUS had knowledge of "one of [sic] more patents in the ['599, '190, '668, or '993] *patent family*."  D.I. 36 ¶¶ 32, 41, 50, 59 (emphasis added).  This is legally insufficient.  The Supreme Court requires knowledge of "the patent that is infringed," not

other patents in the patent family.  131 S. Ct. at 2068.  Indeed, there is no way the ASUS

Defendants could possibly have known of the '599 patent in July 2009 or February 2011 as

alleged because the '599 patent did not issue until May 3, 2011.  *IpVenture*, 2011 WL 207978, at

*2 (dismissing claim because "Plaintiff's current complaint merely alleges the factual predicate

that Defendants had knowledge of Plaintiff's patent application").

> IpVenture also has not pled the ASUS Defendants had *actual* knowledge.  Rather,

IpVenture argues they *might have known* from third-party news reports about unrelated parties:

> Asus would have been made aware of its infringement of the ['599, '190,
> '668, or '993] patent family through news articles and press releases
> including: a July 2009 news article from Bloomberg News describing
> IpVenture's initiation of litigation against Sony and Panasonic based on
> infringement of patents in the ['599, '190, '668, or '993] patent family and
> a February 2011 press release which described the settlement of litigation
> between IpVenture and the fact that Sony has taken a license to patents in
> the ['599, '190, '668, or '993] patent family.

D.I. 36 ¶¶ 32, 41, 50, 59.  IpVenture does not plead that it ever provided such news articles or

press releases to the ASUS Defendants, and there clearly is no duty for the ASUS Defendants to

monitor news article and press releases about third parties wholly unrelated to the ASUS

Defendants.  The case of *EON Corp.* is instructive.  In that case, the plaintiff argued the

defendants "knew or should have known" of the patent-in-suit because the defendants were

"active and sophisticated participants in the interactive television market" and they had licensed

other patents that cited the patent-in-suit as a prior art reference.  *EON Corp. v. FLO TV Inc.*, 802

F. Supp. 2d 527, 532-33 (D. Del. 2011).  The court "decline[d] to embrace this reasoning,

particularly given the rapidly changing nature of technologically-based markets such as

interactive television."  *Id.* at 533.  The court found the patent-in-suit was "a step further

removed from the subjects of the licensing agreements" and hence "too tenuous to sustain an

allegation of knowledge."  *Id.*  Indeed, the court in *EON Corp.* found the allegations lacked

sufficient factual support to assert "constructive knowledge," let alone "actual knowledge."  *Id.*

at 533 n.6.  The same is true here.  There is no "reasonable inference" that the ASUS Defendants

had actual knowledge of the patent-in-suit as required, *Iqbal*, 129 S. Ct. at 1949, especially when

the facts show they did not have actual knowledge.  Yan Decl. ¶ 16; Huang Decl. ¶ 15.

Finally for knowledge, indirect infringement requires "knowledge that the induced acts constitute patent infringement." *Global-Tech*, 131 S. Ct. at 2068.  IpVenture has not identified a single accused product, or even a specific act by the ASUS Defendants that allegedly constitutes indirect infringement, so it is impossible for the ASUS Defendants to "know the induced acts constitute patent infringement."  Accordingly, IpVenture's indirect infringement claims should be dismissed.  *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354-55 (D. Del. 2009); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010).

Fourth, for contributory infringement, IpVenture has not alleged the accused products are a "material part of the invention" as required.  35 U.S.C. § 271(c); *R&L Carriers, Inc. v. Affiliated Camp. Servs.*, 695 F. Supp. 2d 680, 686 (S.D. Ohio 2010).  More fundamentally, of course, contributory infringement requires that the defendant sell a "component of a patented machine," and IpVenture has failed to identify either what the ASUS "component" is or what the larger "patented machine" is.  35 U.S.C. § 271(c).

### 2.    IpVenture Has Not Pled the Knowledge Required For Willfulness

IpVenture's allegations of willful infringement must be dismissed for similar reasons. IpVenture merely alleges "Asus's infringement of the ['599, '190, '668, or '993] patent is and continues to be willful and deliberate, entitling IpVenture to increased damages under 25 U.S.C. § 284."  D.I. 36 ¶¶ 32, 41, 50, 59.  Yet IpVenture fails to provide any *facts*.  Willfulness requires actual notice of another's patent rights.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007).  As discussed above, IpVenture's allegations of knowledge of the patents are wholly insufficient.  While IpVenture may argue its complaint provided knowledge of the patents, the law requires that "a willfulness claim asserted in the original complaint must necessarily be grounded *exclusively* in the accused infringer's *pre-filing conduct*."  *Id.* at 1374 (emphasis added).  As such, IpVenture's willfulness claims must also be dismissed.  *F5 Networks Inc. v. A10 Networks Inc.*, No. C07-1927RSL, 2008 WL 687114, at *1 (W.D. Wash. 2008).

### D.     Improper Joinder

If the Court does not dismiss the case outright against the ASUS Defendants for the

reasons above, it should either dismiss the ASUS Defendants or sever the case against the ASUS

Defendants due to improper joinder because Plaintiff has not and cannot satisfy the "same

transaction," "same accused product," and "questions of fact common to all defendants" tests.[5]

First, both before and after the America Invents Act (Sept. 16, 2011), courts in Delaware

and across the country have held that allegations against unrelated defendants for independent

acts of patent infringement do not set forth a right to relief arising from the same transaction.[6]

Second, it is obvious the products are not the "same" between defendants because the

defendants are competitors.  They don't sell the *same* products; they sell *competing* products.

*Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("Clearly, the

common transaction requirement has not been met" where defendants are "separate companies

that independently design, manufacture and sell different products in competition with each

other."); *WiAV Networks, LLC v. 3Com Corp.*, No. 10-03448, 2010 WL 3895047, at *3-4 (N.D.

Cal. Oct. 1, 2010) ("plaintiff cannot escape the fact that it is suing unrelated and competing

defendants for their own independent acts of patent infringement").

Third, there are no questions of fact common to all defendants.  The statute expressly

prevents arguments that there are common questions of *law*, such as claim construction.  The

---

[5] Congress recently revised the joinder provision for patent cases in the America Invents Act to address exactly this issue.  According to the new statute, "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b).  Defendants can only be joined when "(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the *same transaction*, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the *same accused product* or process; *and* (2) *questions of fact common to all defendants* or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a) (emphasis added). IpVenture has not alleged the ASUS Defendants are jointly or severally liable with the other defendants.

[6] *E.g.*, *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370-71 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *New Jersey Mach., Inc. v. Alford Indus., Inc.*, No. 89-1879, 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder."), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992); *Colt Def. LLC v. Heckler & Koch Def., Inc.*, No. 2:04-cv-258, 2004 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) ("[T]he overwhelming authority from other jurisdictions indicates that allegations against multiple and unrelated defendants for independent acts of patent, copyright and/or trademark infringement do not set forth claims arising from the same transaction.").

commonality must be questions of *fact* and must be common to *all* defendants.  While IpVenture

vaguely asserts the products include "common components and/or software," such as a

"microprocessor" or "operating system," [D.I. 36 ¶ 23], it has made no effort to show *facts* that

(1) components such as an operating system have any bearing on the claims of the patents-in-suit

or (2) that the *same* microprocessor, operating system, and other software is common to *all*

defendants.  *Brandywine Commc'ns Techs., LLC v. Audiovox Corp.*, No. 6:11-cv-1367, Exh. 1

(M.D. Fla. Jan. 24, 2012) ("While Plaintiff identifies *some* products that appear to be related to

one or more Defendants, it fails to identify *any* product that is common to all Defendants.").[7]

Even if there were some common *components*, the *accused products* are still different and thus

joinder is improper.  *See Sorensen v. DMS Holdings, Inc.*, No. 08CV559-BTM-CAB, 2010 WL

4909615, at *1 (S.D. Cal. Nov. 24, 2010) ("[A]lleging a common manufacturer and infringement

of the same patent is not enough to support joinder where defendants are unrelated companies,

selling different products.").

     Moreover, the burden is on IpVenture to *specifically* identify those alleged

commonalities.  For example, the court in *ThermaPure* noted that while it "must analyze the

similarities and differences between the accused products and methods, [the plaintiff] has yet to

clearly identify or describe the allegedly infringing products or methods."  *ThermaPure, Inc. v.

Temp-Air, Inc.*, No. 10-cv-4724, 2010 WL 5419090, at *5 (N.D. Ill. Dec. 22, 2010).  The court

then reasoned that "[i]f the court were to allow [plaintiff's] claims to go forward together against

all of the defendants, only to discover later that the products or methods differ significantly, then

[plaintiff] would benefit from its own recalcitrance at defendants' and the court's expense."  *Id.*

     Plaintiff may attempt to salvage its improper joinder by arguing that there are common

issues between the defendants such as challenges to the validity of the patents-in-suit.  Aside

from being questions of law, however, courts have rejected such arguments because the Federal

Rules require joinder to arise out of a *plaintiff's* rights to relief, not defendants' overlapping

---

[7] All exhibits are attached to the Declaration of Michael J. Engle filed concurrently with this motion.

affirmative defenses. *EIT Holdings LLC v. Yelp, Inc.*, No. C 10-05623, 2011 WL 2192820, at *2 (N.D. Cal., May 12, 2011).

Moreover, as other courts have noted, the ASUS Defendants are entitled to their own case against IpVenture and are severely prejudiced by being lumped together with other unrelated defendants. *Ho Keung, TSE v. eBay, Inc.*, No. C 11-01812, 2011 U.S. Dist. LEXIS 59675, at *3-4 (N.D. Cal. June 2, 2011) (dismissing all but the first named defendant because "the accused defendants—who will surely have competing interests and strategies—also are entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction").

Finally, even if joining unrelated defendants may create some efficiencies, that cannot trump the statutory requirements for joinder. "[T]o the extent that considerations of judicial economy can factor into the court's decision whether to sever the claims against [the defendant], they do so only after the plaintiff has first satisfied the requirements of Rule 20(a)." *Colt*, 2004 U.S. Dist. LEXIS 28690, at *16.

### E.     If The Case Is Not Dismissed, It Should Be Transferred To The Northern District Of California, Where Both the Plaintiff and Defendant Are Located.

In the alternative, if the Court decides not to dismiss the case outright, the ASUS Defendants ask the Court to transfer this case to the Northern District of California pursuant to 28 U.S.C. §§ 1406 and 1631, or § 1404. Plaintiff IpVenture is based in the Northern District of California, defendant ASUS California is based in the Northern District of California, the alleged acts of infringement occurred in the Northern District of California, one of the two inventors is located in the Northern District of California, and prior art witnesses are located in the Northern District of California. By contrast, not a single relevant witness or document has been identified in Delaware. In short, the Northern District of California is significantly more convenient for the parties and third parties, while Delaware has little or no ties to this litigation. Under these circumstances and the Federal Circuit's recent case of *Link_A_Media*, the Court should transfer.

### 1.     The Law of Transfers

The law of the regional circuit applies when considering a motion to transfer. *In re TS*

*Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  For transfers, § 1406(a) comes into play

when venue is improper, and § 1631 when personal jurisdiction is lacking.  *Lafferty v. St. Riel*,

495 F.3d 72, 76-77 (3d Cir. 2007).  § 1404(a), on the other hand, presupposes jurisdiction and

venue are proper, but grants a transfer based on the "convenience of parties and witnesses" or "in

the interests of justice."  *Id.*  As discussed above, personal jurisdiction and venue are not proper

in Delaware, so §§ 1406 and 1631 require that the Court "shall dismiss, or if it be in the interest

of justice, transfer."  *Id.* at 77.  "Delaware courts are not hesitant to transfer a first-filed patent

action to a more appropriate forum if warranted by the facts of the case."  *Teleconference Sys. v.*

*Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 330 (D. Del. 2009).  This is especially

true given the Federal Circuit's recent precedents encouraging transfers.  *In re Link_A_Media*

*Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *In re Acer Am. Corp.*, 626 F.3d 1252 (Fed. Cir. 2010).

### 2. The ASUS Defendants Would Submit To Personal Jurisdiction And Venue In The Northern District Of California

A case can be transferred "to any other district or division where it might have been

brought."  28 U.S.C. §§ 1404(b), 1406(a); *cf.* § 1631.  The Northern District of California had

personal jurisdiction and venue over ASUS California because it is incorporated in California

and its principal place of business is in the Northern District of California.  Yan Decl. ¶ 2.  To

the extent the Court believes Delaware has personal jurisdiction and venue over ASUSTeK

Taiwan (e.g., because the alleged acts of infringement occurred across the U.S.), the same

arguments apply equally to the Northern District of California.  Moreover, ASUSTeK Taiwan

has direct ties to the Northern District of California, such as having employees travel regularly to

meet with ASUS California.  Finally, both ASUSTeK Taiwan and ASUS California have agreed

they would submit to personal jurisdiction and venue in the Northern District of California for

this case.  Huang Decl. ¶ 14; Yan Decl. ¶ 15.

### 3. The Third Circuit Factors Favor A Transfer, Especially Given The Lack Of Connections To Delaware

The Third Circuit has set forth a variety of non-exhaustive factors to consider in

analyzing a transfer under § 1404(a).  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.

1995). Here, the weight of the factors supports a transfer to the Northern District of California, especially in light of the Federal Circuit's recent decision *Link_A_Media*, 662 F.3d 1221.

### a.    Defendants' Forum Preference

The ASUS Defendants prefer the Northern District of California. The ASUS Defendants do not believe that personal jurisdiction or venue are proper in Delaware. Thus, this factor weighs in favor of a transfer to the Northern District of California.

### b.    The Convenience of the Parties

Plaintiff IpVenture is a California corporation with its principal place of business in Los Altos, California. D.I. 36 ¶ 1. Los Altos, California is in the Northern District of California.

Defendant ASUS California has its principal place of business in Fremont, California, which is in the Northern District of California. Yan Decl. ¶ 2. About 93% of ASUS California's employees are based in Fremont, California. *Id.* ¶ 14.

Air travel one-way between Los Altos or Fremont and Delaware takes between six and nine hours (not including ground travel to and from airports, or the substantial time for check-in, security, waiting prior to boarding, and waiting for baggage) and the flight alone costs hundreds of dollars. Exh. 2. Roundtrip doubles that. Additional car travel is necessary since Delaware does not have a commercial airport. Hotels add further expense. Exh. 3. Such travel and hotels can be entirely eliminated for both parties if the case is transferred to California.

Defendant ASUSTeK Taiwan has its principal place of business in Taiwan, and all of ASUSTeK Taiwan's witnesses and documents relevant to this case are likely located in Taiwan. Huang Decl. ¶ 13. It is significantly more convenient for Taiwanese witnesses to travel to the Northern District of California than to Delaware. Direct flights from Taipei to San Francisco take roughly 11 hours, Exh. 4, while travel to Delaware generally requires two transfers and 20 to 27 hours of travel. Exh. 5. Again, roundtrip travel doubles that wasted time.

IpVenture's counsel of record (Morgan Chu, Richard M. Birnholz, Babak Redjaian, and Dorian S. Berger of Irell & Manella) are all based in California, as are counsel for the ASUS Defendants. D.I. 36 at 44. Thus, a transfer to California saves costs for local counsel and travel

for attorneys. *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 510 n.7 (D. Del. 1999); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 205-06 (D. Del. 1998).

Without question, the Northern District of California is more convenient for both IpVenture and the ASUS Defendants.[8] The Federal Circuit recently ordered a transfer from Delaware to the Northern District of California under very similar circumstances. In *Link_A_Media*, both the plaintiff and defendant were based in the Northern District of California. 662 F.3d at 1224. "Aside from [the defendant's] incorporation in Delaware, that forum has no ties to the dispute or to *either* party." *Id.* Here, neither IpVenture nor the ASUS Defendants are incorporated in Delaware. Thus, there is even more reason to transfer the case. As this Court has noted, "when a plaintiff sues a defendant in District A and the plaintiff, the defendant, and all the potential witnesses and evidence are located in District B, and there is no other valid reason for denying a request for transfer to District B, it is an abuse of discretion not to grant the transfer." *Wacoh Co. v. Kionix Inc.*, No. 10-617-RGA, 2012 WL 70673, at *6 (D. Del. Jan. 9, 2012).

### c.      The Convenience of Third Parties

The convenience of third parties also favors the Northern District of California over Delaware. Here, the four patents-in-suit have two named inventors, one of whom (C. Douglass Thomas) is listed as residing in Campbell, California. D.I. 36-2 & -3. Campbell, California is in the Northern District of California. No inventor is located in Delaware.

Many of the prior art witnesses are expected to be in the Northern District of California as well. For example, in one patent-in-suit alone (U.S. Patent No. 7,937,599), more than 40 of

---

[8] As discussed above, the Court must sever the case against the ASUS Defendants and thus there are no other defendants to consider for this factor. Yet even if the other defendants were considered, California would be more convenient. Acer America has its principal place of business in the Northern District of California, D.I. 36 ¶ 3, and Gateway and Toshiba America Information Systems also are based in California. *Id.* ¶¶ 4, 16. Defendants Acer, Inc.; Lenovo Group Ltd.; Samsung Electronics Co., Ltd.; and Toshiba Corp. all have their principal places of business in Asia, from which it is significantly easier to travel to the Northern District of California than Delaware. *Id.* ¶¶ 2, 8, 10, 12, 14. The four remaining defendants do not have principal places of business in either California or Delaware so would have to travel regardless of the forum. *Id.* ¶¶ 7, 11, 13, 15.

the cited prior art references listed at least one inventor in the Northern District of California.[9]
Not one listed an inventor in Delaware. Such inventor and prior art witnesses would be subject
to subpoena power in the Northern District of California, but not in Delaware.

By contrast, not one relevant witness has been identified in Delaware. "The fact that
plaintiff has not identified a single material witness who resides in Delaware rather than
California is telling and weighs in favor of transfer." *Teleconference*, 676 F. Supp. 2d at 333.

Delaware courts regularly transfer cases when, as here, there are no relevant witnesses or
documents in Delaware. *Boram Pharm. Co. v. Life Techs. Corp.*, No. 10-31, 2010 WL 2802727,
at *2 (D. Del. July 14, 2010) (finding the "critical factors" are "the convenience of the parties
and the witnesses"); *QinetiQ Ltd. v. Oclaro, Inc.*, No. 09-372 (JAP), 2009 WL 5173705, at *1, 4
(D. Del. Dec. 18, 2009).

### d. Whether the Claim Arose Elsewhere

The claims arose, if anywhere, in the Northern District of California. ASUS California
imports the accused products in the Northern District of California and sells them from the
Northern District of California. To the extent IpVenture argues a trivial number of sales went to
Delaware, [Yan Decl. ¶ 11 ("less than 0.02% of ASUS California's total revenue")], that pales in
comparison to the nearly 100% of sales made from ASUS California's headquarters in Fremont.

### e. Plaintiff's Forum Preference

While IpVenture brought suit in Delaware, it is incorporated in California and its
principal place of business is in California. D.I. 36 ¶ 1. IpVenture has no employees or place of
business in Delaware. Delaware is not IpVenture's home turf and thus this factor is entitled to
little or no weight. *Link_A_Media*, 662 F.3d at 1223 ("When a plaintiff brings its charges in a
venue that is not its home forum, however, that choice of forum is entitled to less deference.").[10]

---

[9] U.S. Patent Nos. 3,453,601; 4,812,733; 5,021,679; 5,036,493; 5,167,024; 5,201,059; 5,239,652; 5,241,680;
5,254,888; 5,254,928; 5,287,244; 5,287,292; 5,349,688; 5,392,437; 5,396,635; 5,422,806; 5,428,790; 5,473,767;
5,483,656; 5,485,127; 5,502,838; 5,546,568; 5,560,001; 5,560,002; 5,579,524; 5,586,332; 5,590,061; 5,622,789;
5,719,800; 5,721,837; 5,721,937; 5,745,375; 5,752,011; 5,809,336; 5,974,557; 6,216,235; 6,487,668; 7,167,993;
7,293,186; 7,418,611; 7,506,190.

[10] Since the Court should sever the case against the ASUS Defendants, it need not consider the other defendants for
this factor. Yet even if they are considered, the only connection to Delaware in this case appears to be that five out

     **f.**     **Practical Considerations Making Trial Easier, Less Expensive, or More Expeditious**

"With regard to practical considerations that could make the trial easy, expeditious or inexpensive, these strongly favor transfer because key witnesses and documents are located in California and are easier to access there than in Delaware." *Teleconference*, 676 F. Supp. 2d at 335. As discussed above, transferring to California makes travel for IpVenture, ASUS California, at least one inventor, and many of the prior art witnesses unnecessary. Travel would also be shorter and cheaper for ASUSTeK Taiwan. Subpoena power over non-party witnesses, such as the inventor and prior art witnesses, makes depositions and trial significantly easier in California. "The fact, as plaintiff notes, that the parties are large corporations and by implication can afford to indulge in litigation in this, the more expensive forum, is no reason for the court to countenance this indulgence." *Boram*, 2010 WL 2802727, at *2.

     **g.**     **Local Interest in Deciding Local Controversies at Home and Public Policies of the Fora**

California obviously has a strong interest in cases brought by companies incorporated and headquartered in California against other companies incorporated and headquartered in California, especially when the case is based on the importation of products into California and the sale of products from California. In contrast, there is no local interest for Delaware.

     **h.**     **IpVenture's Other Litigation**

IpVenture may argue the case against the ASUS Defendants should remain in Delaware because of IpVenture's suit against the other defendants, but this fails as a matter of law.

First, courts regularly separate cases when the convenience of the witnesses strongly favors an alternate forum. *See, e.g., Children's Network, LLC v. Pixfusion LLC*, 722 F. Supp. 2d 404, 415 (S.D.N.Y. 2010) ("The fact that PixFusion initiated patent infringement litigation in the Eastern District of Texas involving other parties and other products does not entitle it to litigate all disputes concerning those same patents in that forum. In other words, PixFusion cannot use

---

of fifteen defendants are incorporated in Delaware. D.I. 36 ¶¶ 4, 7, 11, 15, 16. However, as the Federal Circuit has noted, a defendant being incorporated in Delaware is not a factor in either § 1404 or *Jumara*, and Plaintiff's choice of forum cannot be given undue weight when the other factors favor transfer. *Link_A_Media*, 662 F.3d at 1223-24; *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002).

the Texas action as a magnet to attract other cases.") (citation omitted).

Second, Delaware has no more experience with the patents than California because the suit against the other defendants is in the "infancy stages of litigation," and none of the defendants have even filed an answer yet.[11] *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (authorizing one case to proceed in a different forum when "the cases involve different products" and "no defendant is involved in both actions"); *J2 Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*, No. 6:08-cv-211, 2008 WL 5378010, at *5 (E.D. Tex. Dec. 23, 2008) (keeping cases separate "when a court has had limited involvement with the case and the technology, no claim construction opinion has issued, and the cases involve different defendants with different products"). It is speculative to assume that the case will proceed against any—let alone all—of those defendants in Delaware. For example, the case against Fujitsu Ltd. and Fujitsu America, Inc. (based in the Northern District of California) has already been dismissed. Similarly, Acer America, Gateway, and Toshiba America Information Systems are all based in California and those parties (as well as their foreign parents) may well move to transfer to California. Moreover, the fact remains that none of the other defendants are related to the ASUS Defendants and there is no overlap in the accused products.

### i.    Relative Administrative Difficulty in the Two For a Resulting from Court Congestion

Both Delaware and the Northern District of California have experience handling patent litigation matters and roughly equally congested dockets. This factor is neutral.

## V.    CONCLUSION

For the foregoing reasons, the ASUS Defendants respectfully request that IpVenture's Complaint be dismissed for lack of personal jurisdiction, improper venue, failure to state a claim, and misjoinder. In the alternative, Defendants ask that the Court sever and transfer the case against the ASUS Defendants to the Northern District of California.

---

[11] To the extent IpVenture argues efficiency in Delaware based upon its prior litigation against Sony and Panasonic in Delaware (No. 9-cv-497), not only did that case involve different patents, but also that case was assigned to a different judge (Michael M. Baylson) who does not even sit in this district. There can be no benefit from prior experience when the prior judge is in an entirely different district.

ASHBY & GEDDES

*/s/ John G. Day*

John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for ASUSTeK Computer Inc. and*
*ASUS Computer International*

*Of Counsel:*

John P. Schnurer
Michael J. Engle
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130
(858) 720-5700
jschnurer@perkinscoie.com
mengle@perkinscoie.com

Dated: February 21, 2012