**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

IPVENTURE, INC.,                 )
                                    )
        Plaintiff,             )
                                      )
v.                                 )
                                    )   C.A. No. 11-588-RGA
ACER, INC., *et al.*,             )
                                    )
        Defendants.        )

**OPENING BRIEF IN SUPPORT OF THE MOTION OF
DEFENDANT DELL INC. TO SEVER AND TRANSFER**

Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com

*Attorneys for Defendant Dell Inc.*

OF COUNSEL:
Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601-5600
(312) 558-5600

Howard I. Shin
Peter Lambrianakos
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700

Dated:  March 23, 2012

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................iii

I.  NATURE AND STAGE OF THE PROCEEDINGS .................................................1

II.  SUMMARY OF ARGUMENT ................................................................................2

III.  STATEMENT OF FACTS.......................................................................................3

    A.  Dell is Not Transactionally Related to the Other Defendants in This Action....................................................................................................................3

    B.  Dell's Witnesses and Documents Are Located in the Western District of Texas...................................................................................................................4

    C.  IpVenture Has No Connection to the District of Delaware. ...................5

IV.  THE CLAIMS AGAINST DELL SHOULD BE SEVERED FROM THIS ACTION. ..................................................................................................................6

    A.  Section 299 of the Patent Act Compels Severance of Claims Against Unrelated Defendants........................................................................................6

    B.  IpVenture's Claims Against Dell Fail the First Prong of 35 U.S.C. § 299........................................................................................................................8

    C.  Rules 20 and 21 of the Federal Rules of Civil Procedure Compel Severance of the Claims Against Dell ...............................................................10

        1.  Legal Standard Under Rules 20(a)(2) and 21 ...........................10

        2.  IpVenture's Claims Against Dell Fail the First Prong of Rule 20(a)(2) Because They Are Not Transactionally Related to Its Claims Against the Other Defendants. ..................................................11

V.  THE SEVERED CLAIMS AGAINST DELL SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF TEXAS....................................................................13

    A.  Legal Standard for Transfer Under Section 1404(a).............................13

    B.  IpVenture Could Have Brought Its Claims Against Dell in the Western District of Texas.................................................................................................14

    C.  The Private Interest Factors Weigh Strongly in Favor of Transfer. .....14

        1.  The Plaintiff's Choice of Forum ...............................................14

        2.  The Defendant's Choice of Forum ...........................................16

-i-

3.    Where the Claim Arose.................................................................16

4.    The Convenience of the Parties ...............................................16

5.    The Convenience of the Witnesses ..........................................18

6.    The Location of Books and Records.........................................19

D.    The Public Interest Factors Also Weigh in Favor of Transfer.............................19

1.    Court Congestion ......................................................................19

2.    Local Interest in the Controversy.............................................19

3.    Remaining Public Interest Factors...........................................20

VI.    CONCLUSION............................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**CASES**

*Affymetrix, Inc. v. Systeni, Inc.,*
28 F. Supp. 2d 192 (D. Del. 1998)..........................................................................18, 19

*Androphy v. Smith & Nephew, Inc.,*
31 F. Supp. 2d 620 (N.D. Ill. 1998) ..............................................................................11

*Angiodynamics, Inc. v. Vascular Solutions, Inc.,*
No. 09-554-JJF, 2010 WL 3037478 (D. Del. July 30, 2010) ......................................16

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.,*
295 F. Supp. 2d 393 (D. Del. 2002)..............................................................................18

*Boram Pharm. Co. v. Life Techs. Corp.,*
No. 10-31, 2010 WL 2802727 (D. Del. July 14, 2010) ..........................................17, 18

*Brunswick Corp. v. Precor Inc.,*
No. 00-691-GMS, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ............................15, 18

*Dao v. Knightsbridge Int'l Reinsurance Corp.,*
15 F. Supp. 2d 567 (D.N.J. 1998) .................................................................................13

*Farina v. Nokia Inc.,*
625 F.3d 97 (3d Cir. 2010), *cert. denied,* 132 S. Ct. 365 (2011).................................8

*Illumina, Inc. v. Complete Genomics, Inc.,*
No. 10-649, 2010 WL 4818083 (D. Del. Nov. 9, 2010) ..............................................19

*In re Link_A_Media Devices Corp.,*
662 F.3d 1221 (Fed. Cir. 2011)................................................................................15, 18

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (3d Cir. 1995)......................................................................13, 14, 18, 20

*Kirschner Bros. Oil, Inc. v. Pannill,*
697 F. Supp. 804 (D. Del. 1988)....................................................................................15

*Lony v. E.I. DuPont de Nemours & Co.,*
886 F.2d 628 (3d Cir. 1989)...........................................................................................14

*Mekiki Co. v. Facebook, Inc.,*
No. 09-745 (JAP), 2010 WL 2348740 (D. Del. June 7, 2010) .....................................15

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.,*
77 F. Supp. 2d 505 (D. Del. 1999)................................................................................18

*MyMail, Ltd. v. America Online, Inc.*,
   223 F.R.D. 455 (E.D. Tex. 2004)...................................................................7

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch,*
   *Pierce, Fenner & Smith, Inc.*,
   564 F. Supp 1358 (D. Del. 1983)....................................................7, 10, 11

*Philips Elecs. N.A. Corp. v. Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) .......................................................7, 10, 11

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ....................................................................................14

*Robocast, Inc. v. Apple, Inc.*,
   No. 11-235-RGA, 2012 WL 628010 (D. Del. February 24, 2012)........................17

*Rudd v. Lux Prods. Corp.*,
   No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011)...........................7

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
   549 U.S. 422 (2007) ....................................................................................15

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
   No. 04-1199-SLR, 2005 WL 851126 (D. Del. Apr. 13, 2005).........................12

*Trader v. Fiat Distribs., Inc.*,
   476 F. Supp. 1194 (D. Del. 1979)................................................................8

*Wacoh Co. v. Kionix Inc.*,
   No. 10-617-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012).....................10, 12, 13

STATUTES

28 U.S.C. § 1391(c) ...........................................................................................14

28 U.S.C. § 1400(b) ...........................................................................................14

28 U.S.C. § 1404(a) ........................................................................................6, 13

H.R. Rep. No. 112-98, pt. 1 (2011).....................................................................7

Leahy-Smith America Invents Act, Pub. L. No. 112-29 § 19(e), 125 Stat. 284, 333 ....................8

OTHER AUTHORITIES

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and</u>
   <u>Procedure,</u> § 1653 (3d ed. 2001 & Supp. 2005)......................................10

Fed. R. Civ. P. 20(a)(2)......................................................................................10

RLF1 5922123v. 1

Fed. R. Civ. P. 20(a)(2)(A) ................................................................................................12

Fed. R. Civ. P. 21 ............................................................................................................10

## I.   **NATURE AND STAGE OF THE PROCEEDINGS**

Defendant Dell Inc. ("Dell") submits this opening brief in support of its motion to sever the claims of Plaintiff, IpVenture, Inc. ("IpVenture"), against Dell for improper joinder pursuant to 35 U.S.C. § 299 and Rules 20(a)(2) and 21 of the Federal Rules of Civil Procedure, and to transfer the severed claims to the Western District of Texas pursuant to 28 U.S.C. § 1404(a).

This is a patent infringement action brought by IpVenture against Dell and 14 other Defendants unrelated to Dell. On July 5, 2011, IpVenture filed its original Complaint against Defendants Fujitsu Limited, Fujitsu America, Inc., Lenovo Group Limited, and Lenovo (United States) Inc. alleging direct and indirect infringement of U.S. Patents Nos. 7,937,599 ("the '599 Patent") and 7,506,190 ("the '190 Patent"). (D.I. 1.) The Lenovo parties moved to dismiss the Complaint for failure to state claims for indirect infringement under *Twombly* and *Iqbal* on November 7, 2011. (D.I. 31.) IpVenture responded to the motion to dismiss by filing an Amended Complaint on November 28, 2011, adding 11 new parties to this action, including Dell, and two more patents from the same family, namely, U.S. Patents Nos. 6,487,668 ("the '668 Patent") and 7,167,993 ("the '993 Patent").[1] (D.I. 36.) The Lenovo parties in turn withdrew their motion as moot. (D.I. 40.)

On December 15, 2011, the Lenovo parties moved to dismiss the Amended Complaint, again arguing that IpVenture failed to state claims for indirect infringement under *Twombly* and *Iqbal*. (D.I. 44.) On February 21, 2012, Defendants ASUSTeK Computer Inc. and ASUS Computer International filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state claims for indirect infringement or, in the alternative, to sever and transfer. (D.I. 66.) Dell also filed a motion to dismiss for failure to state claims for direct

---

[1] The '599 Patent, '190 Patent, '668 Patent, and '993 Patent are referred to herein collectively as the "Asserted Patents."

infringement, indirect infringement, and willful infringement on February 21, 2012.  (D.I. 70.)

On February 28, 2012, Defendants Acer, Inc., Acer America Corporation, and Gateway, Inc.

filed a motion to dismiss for failure to state claims for indirect infringement and willful

infringement.  (D.I. 76.)  On March 12, 2012, two motions to dismiss the Amended Complaint

were filed: one by Defendants Toshiba America Information Systems, Toshiba America, Inc. and

Toshiba Corp, (D.I. 82), and the other by Defendants Samsung Electronics America, Inc. and

Samsung Electronics Co., Ltd., (D.I. 83).  All of these motions are currently pending.

## II.   <u>SUMMARY OF ARGUMENT</u>

1.     Dell is improperly joined as a Defendant in this action because the only

connection between Dell and the other Defendants is Plaintiff's allegation that they all infringe

the same Asserted Patents.  Under 35 U.S.C. § 299 and Rule 20(a)(2) of the Federal Rules of

Civil Procedure, defendants may be joined in a single patent action only where they are accused

of infringement based on the same accused product or process, and where liability is asserted

against them jointly, severally, or in the alternative.   Considering that Plaintiff's infringement

allegations admittedly are not based upon the same accused product or process—Dell is the only

Defendant accused of selling Dell-brand infringing products—and Dell is not alleged to have any

transactional relationship with the other Defendants that would give rise to joint or several

liability, the claims against Dell must be severed.

2.     Once severed, the action against Dell should be transferred to the Western District

of Texas pursuant to 28 U.S.C. § 1404(a).  IpVenture's suit against Dell could have been brought

there, and the Western District of Texas is a more convenient forum because Dell's witnesses

and the bulk of the evidence relating to the claims are located there.  By contrast, this action has

little connection to this District because, with the sole exception of Dell's incorporation in

Delaware, neither the parties nor any potential evidence is located here.  Accordingly, the factors

considered in determining whether to transfer an action under Section 1404(a) strongly favor transfer to the Western District of Texas.

## III.    STATEMENT OF FACTS

### A.    Dell Is Not Transactionally Related To The Other Defendants In This Action.

Dell was first brought into this action on November 28, 2011, in an Amended Complaint to an action asserted originally against only Defendants Fujitsu and Lenovo.  (D.I. 36.)  While the original Complaint, filed on July 5, 2011, did not include Dell as a Defendant, (D.I. 1), the Amended Complaint adds 11 new Defendants to this action, including Dell, while also asserting two additional patents.  (D.I. 36.)

The Amended Complaint contains four counts of infringement against Dell, one for each of the four Asserted Patents.  In each count, IpVenture alleges that Dell directly infringes by:

> making, using, selling, offering to sell, and/or importing within this judicial district and elsewhere in the United States, without authority or license from IpVenture, Dell brand computers, including notebook computers, that contain and/or utilize thermal management apparatus and/or methods and meet the limitations of one or more claims of the [Asserted Patents].

(D.I. 36 ¶¶ 31, 40, 49, 58.)  There is no allegation that Dell and the other Defendants are making, using, or selling the same accused products, nor is there any allegation that Dell and the other Defendants are working together or performing the same or related acts.  Instead, each Defendant is individually accused of infringement through the sale of computers bearing its own brand name.  (*See, e.g.*, D.I. 36 ¶¶ 26-30, 32.)

Recognizing that the parties named in the Amended Complaint are not transactionally related and have been improperly joined in this action, IpVenture contends the following:

> 23. Joinder of the Defendants in this case is proper pursuant to Fed. R. Civ. Proc. 20(a)(2) and the Leahy-Smith America Invents Act of 2011, H.R. 1249, 112th Cong. § 299 (2011). IpVenture's claims for relief asserted against the Defendants for infringement of the

'599, '190, '668 and '993 patents arises out of the same transaction, occurrence, or series of transaction [sic] or occurrences, and questions of law or fact common to all Defendants will arise in the action. All of the claims for relief alleged herein arise under the same patents-in-suit, namely IpVenture's '599, '190, '668, and '993 patents. All of the Defendants also are alleged to infringe with respect to the making, using, importing in the United States, offering for sale, or selling computers, including notebook computers. The infringing products also are made, used, sold or imported with common components and/or software, including one or more Intel microprocessors, one or more cooling fans, operating systems (such as Microsoft Windows operating system), as well as other common components that raise common questions of fact as to all Defendants on at least the issues of infringement, claim construction, and validity.

(D.I. 36 ¶ 23.)  There is no allegation that Defendants are making, using, or selling the same accused product or process, or that Defendants are liable jointly or severally.  Nor is there an identification of the alleged "same transaction, occurrence, or series of transaction [sic] or occurrences" that Plaintiff claims gave rise to the alleged infringement.

**B.      Dell's Witnesses And Documents Are Located In The Western District Of Texas.**

Dell is a Delaware corporation with its headquarters in Round Rock, Texas, which is located in the Western District of Texas.  (*See* Declaration of Paul Artman ("Artman Decl.") ¶ 2.) Dell maintains an extensive facility in Austin, Texas, also in the Western District of Texas, where all of the U.S.-based activity related to the allegations of infringement occurs.  (*See id.* ¶ 4.)  Specifically, Dell designs the thermal management architecture for many of its computers in Austin.  (*See id.*)  Dell assembles and ships computers containing thermal management systems from its integration and distribution facility in Austin.  (*See id.*)  Dell also maintains financial, technical and other documents related to "thermal management apparatus and/or methods" at its facilities in Austin.  (*See id.*)

RLF1 5922123v. 1

Most of the Dell employees who have any knowledge about the design and development of Dell's thermal management systems, and who are responsible for them, work at Dell's facility in Austin.  (*See id.* ¶ 5.)  Dell employees who are potential witnesses in this case and who work in Austin, Texas include: Chris Helberg (Mechanical Thermal Architect); Travis North (Thermal Technologist); Yi Zhang (Platform Software Engineer); Paul Artman (Principal Engineer); Mark Rehmann (Product Planner); James Bryan (Product Marketing Specialist); and Karun Reddy (Development Engineering Strategist).  (*See id.*)

Several former employees of Dell who are believed to live and work in the Western District of Texas have been identified as possible witnesses.  (*See id.* ¶ 6.)  In particular, Michael Heatley, Chris Jaggers, and Roberto Prosperi are knowledgeable about Dell's thermal management architecture.  (*See id.*)  In fact, Mr. Prosperi is a named inventor on one of Dell's patents relating to the technology covered by the patents-in-suit.  (*See* D.I. 36 ¶ 31 (citing U.S. Patent No. 7,464,277).)  These witnesses would have to fly approximately 1,430 miles to attend trial in the District of Delaware.  (*See* Declaration of Peter Lambrianakos ("Lambrianakos Decl."), Ex. 2.)  In contrast, Dell has no facilities or employees in the District of Delaware and is not aware of any documents, Dell witnesses, or third-party witnesses relevant to this case located in this District.  (*See* Artman Decl. ¶ 7.)

## C.   IpVenture Has No Connection To The District Of Delaware.

IpVenture filed this action in Delaware despite the fact that it is a California corporation with its principal place of business in Los Altos, California.  (*See* D.I. 36 ¶ 1.)  IpVenture is not believed to maintain any other places of business, whether in Delaware or elsewhere.  (*See* Lambrianakos Decl., Ex. 1.)

The Western District of Texas is more convenient to IpVenture than is the District of Delaware.  Philadelphia International Airport is 2,500 miles from San Jose International Airport

in San Jose, California (*see id.*, Ex. 3), whereas Austin Bergstrom International Airport in Austin, Texas is only 1,470 miles from San Jose International Airport (*see id.*, Ex. 4), and the drive from Austin Bergstrom International Airport to the U.S. Courthouse for the Austin Division is only 8.4 miles with a travel time of 19 minutes, (*See id.*, Ex. 5).

The Western District of Texas is also less congested than this District.  For the 12-month period ending June 30, 2011, the average time to trial for civil cases in the District of Delaware is 26.8 months, and 14.4% of all civil cases in this District are over three years old.  (*See id.*, Ex. 6.) In the Western District of Texas, however, the average time to trial for civil cases is 16.1 months, and only 2.5% of all civil cases in the district are over three years old.  (*See id.*, Ex. 7.)

## IV.   THE CLAIMS AGAINST DELL SHOULD BE SEVERED FROM THIS ACTION

### A.   Section 299 Of The Patent Act Compels Severance Of Claims Against Unrelated Defendants.

Section 299 of Title 35 of the United States Code states that accused infringers may be joined in a single action as defendants only if two requirements are met.  First, the right to relief must be asserted "against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling *of the same accused product or process.*"  35 U.S.C. § 299(a)(1) (emphasis added).  Second, "questions of fact common to all defendants" must arise in the action.  35 U.S.C. § 299(a)(2).  "[A]ccused infringers may not be joined in one action [or trial] as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."  35 U.S.C. § 299(b).

Section 299 was signed into law on September 16, 2011, as part of the Leahy-Smith America Invents Act (the "Act").  The Act and its legislative history make clear that it was

intended to abrogate certain decisions interpreting Rule 20(a)(2) of the Federal Rules of Civil Procedure as permitting joinder of unrelated defendants selling different accused products where the only relationship between the defendants was that they were alleged to infringe the same patents. H.R. Rep. No. 112-98, pt. 1, at 55 n.61 (2011). More specifically, the legislative history states that Section 299 "legislatively abrogates the construction of Rule 20(a) adopted in *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004)" and approves of the jurisprudence followed by the overwhelming majority of jurisdictions as in *Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011). *Id.* at 55 n.61.

In the *MyMail* case, the Eastern District of Texas found that joinder was appropriate under Rule 20(a)(2) because (1) all of the defendants, though unrelated, were alleged to infringe the same patents; (2) the defendants used certain shared resources in their respective acts of infringement; and (3) there had been no showing that the accused products were dramatically dissimilar. *Id.*, 223 F.R.D. at 456-57. In so holding, the court distinguished the two leading Delaware decisions: *Philips Elecs. N.A. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004), and *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp 1358, 1370 (D. Del. 1983). These Delaware decisions held that joinder of unrelated defendants accused of patent infringement based on different acts was improper under Rule 20(a)(2). *See Philips*, 220 F.R.D. at 417-18; *Paine, Webber*, 564 F. Supp. at 1371.

In legislatively abrogating the Rule 20 construction of the *MyMail* case, Congress adopted the Rule 20 interpretation of the *Rudd* case, which cited both *Philips* and *Paine, Webber* to support its holding that Rule 20(a)'s transactional relatedness requirement is not satisfied where unrelated defendants are accused of infringing the same patents based on different acts. *Rudd*, 2011 WL 148052, at *3. Thus, by adopting the *Rudd* court's interpretation of Rule

20(a)(2) and rejecting *MyMail*, Congress has unmistakably decreed that Section 299 codifies Delaware's Rule 20(a)(2) jurisprudence under *Philips* and *Paine, Webber* compelling severance of patent infringement claims against unrelated defendants that make, use, or sell different accused products.

### B.   IpVenture's Claims Against Dell Fail The First Prong Of 35 U.S.C. § 299.

Under the terms of Section 299(a)(1), Dell has been misjoined and should be severed from this action. To begin with, Section 299 applies to IpVenture's claims against Dell because this action was commenced as to Dell on November 28, 2011, more than two months after the effective date of Section 299, which was September 16, 2011. Section 19 of the Act provides that Section 299 "shall apply to any civil action commenced on or after the date of the enactment of this Act." Leahy-Smith America Invents Act, Pub. L. No. 112-29 § 19(e), 125 Stat. 284, 333. This action should be considered commenced as to Dell as of November 28, 2011, because IpVenture filed the Amended Complaint naming Dell as a Defendant for the first time on that day. *See Trader v. Fiat Distribs., Inc.*, 476 F. Supp. 1194 (D. Del. 1979) (holding that a discrimination action under Title VII was commenced as to a defendant as of the filing date of the amended complaint naming that defendant for the first time). *See also Farina v. Nokia Inc.*, 625 F.3d 97, 107-13 (3d Cir. 2010) (applying state law in reaching the same conclusion), *cert. denied*, 132 S. Ct. 365 (2011). Thus, the limitations of Section 299 are applicable to IpVenture's action against Dell.[2]

IpVenture's claims against Dell should be severed because IpVenture does not allege that Dell and any other Defendant are joint infringers or that they make, use, sell, offer to sell or

---

[2] IpVenture appears to concede the applicability of Section 299 to the claims against the newly added Defendants in paragraph 23 of the Amended Complaint, where IpVenture alleges that "Joinder of the Defendants in this case is proper pursuant to . . . the Leahy-Smith America Invents Act of 2011, H.R. 1249, 112th Cong. § 299 (2011)."

import the same accused computers, as required by Section 299(a)(1).  The Amended Complaint does not include a claim for joint infringement by Dell and any of the other Defendants, nor does it contain any facts that would support such a claim.  Dell is not alleged to have a corporate relationship with any of the other Defendants, nor is it alleged that Dell has cooperated with the other Defendants in the design, manufacture, or sale of computers.

Quite the opposite, the Amended Complaint concedes that Dell and its products are independent from the other Defendants and their products.  For example, Dell is the only Defendant accused of "making, using, selling, offering to sell, and/or importing within this judicial district and elsewhere in the United States . . . *Dell brand computers*, including notebook computers."  (D.I. 36 ¶¶ 31, 40, 49, 58 (emphasis added).)  Each of the other Defendants is accused of infringement based on its own brand-name computers.  (*See, e.g.*, D.I. 36 ¶¶ 26-30, 32.)  Where Defendants have a corporate or business relationship, such as Gateway and Acer (D.I. 36 ¶ 4), or ASUSTek Computer, Inc., and ASUS Computer International (D.I. 36 ¶ 5), the Amended Complaint accuses those entities of infringement collectively.  (*See, e.g.*, ¶ 30 (infringement by Gateway and Acer collectively), ¶ 32 (infringement by the Asus entities collectively).)  Dell is not alleged to have a relationship with any other Defendant.

IpVenture's allegation that common questions of fact will arise because Defendants sell accused computers containing common components or software is irrelevant because under Section 299(a)(1), the first required element for joinder, requires commonality of *accused products*, not merely "common components," and these must be related to the *same transaction*.  Plaintiff's "common components" argument is akin to arguing that a patent infringement action against unrelated car manufacturers is properly joined because all of the accused cars use wheels.  While the use of common components or software may be relevant to the second requirement for

joinder under Section 299—questions of fact common to all defendants—it fails to satisfy the first required components necessary for joinder. Under Plaintiff's reasoning, an infringement action against unrelated computer manufacturers could always be maintained because most personal computers use an Intel processor, Microsoft Windows, and a fan. This is precisely the result that Section 299 was designed to prevent.

### C. Rules 20 And 21 Of The Federal Rules Of Civil Procedure Compel Severance Of The Claims Against Dell.

#### 1. Legal Standard Under Rules 20(a)(2) And 21.

Rule 21 of the Federal Rules of Civil Procedure states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Severance is appropriate where joinder is improper, i.e., where a plaintiff fails to satisfy both of the requirements Rule 20(a)(2) imposes for joining multiple defendants in a single action. *See Philips*, 220 F.R.D. 418 (severing improperly joined patent infringement claims pursuant to Fed. R. Civ. P. 21); *Wacoh Co. v. Kionix Inc.*, No. 10-617-RGA, 2012 WL 70673, at *2 (D. Del. Jan. 9, 2012) (same).

Federal Rule of Civil Procedure 20(a)(2) states:

Persons . . . may be joined in one action as defendants if:

(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(b) any question of law or fact common to all defendants will arise in the action.

Joinder is improper if a plaintiff's pleadings and allegations do not satisfy *both* prongs of Rule 20(a)(2)'s two-prong test. *Paine, Webber*, 564 F. Supp at 1370; 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653 (3d ed. 2001 & Supp. 2005)

(stating that Rule 20(a)(2) "imposes two specific requisites to the joinder of parties" and "[b]oth of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)").

> **2.**   **Ipventure's Claims Against Dell Fail The First Prong Of Rule 20(a)(2) Because They Are Not Transactionally Related To Its Claims Against The Other Defendants.**

For the same reasons set forth above with respect to Section 299, joinder of Dell is improper under Rule 20(a)(2). "[A]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction," as required by the first prong of Rule 20(a)(2). *Paine, Webber*, 564 F. Supp. at 1371; *Philips*, 220 F.R.D. at 417. *See also Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that the "common transaction requirement" is not met where defendants "are separate companies that independently design, manufacture and sell different products in competition with each other"). The allegation that two defendants infringe the same patents is insufficient to join defendants in the same lawsuit. *See Philips*, 220 F.R.D. at 417-18 (holding that unrelated defendants accused of infringing the same patents through the sale of different remote control units were improperly joined) (citing *Paine, Webber*, 564 F. Supp. at 1370).

Nothing in the Amended Complaint suggests that Dell has a transactional relationship with any of the other Defendants. Dell is the only Defendant alleged to infringe the patents-in-suit by making, using, and selling Dell-brand computers. (D.I. 36 ¶¶ 31, 40, 49, 58.) Each of the other Defendants is accused of infringement based on its own brand-name computers. (*See, e.g.*, D.I. 36 ¶¶ 26-30, 32.) Absent an allegation that Dell has a corporate relationship with any of the other Defendants, or that it cooperates with the other Defendants in the design, manufacture, or sale of Dell-brand computers, Dell cannot be joined as a Defendant in this action under Rule 20(a)(2).

The paragraph in the Amended Complaint addressing joinder does not present any facts satisfying the requirement of a transactional relationship under Rule 20(a)(2)(A). (*See* D.I. 36 ¶ 23.) IpVenture's allegations that all of the Defendants make, use, or sell personal computers, and that those computers have common components, do not establish that these personal computers were manufactured, distributed, or sold through the "same . . . series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). *See also Wacoh*, 2012 WL 70673, at *2 n.1 ("I interpret 'same' to modify not only 'transaction, occurrence' but also 'series of transactions or occurrences.'"). Although these allegations may be relevant to the second prong of the Rule 20(a)(2) test requiring common questions of law or fact, they do not establish or even suggest common transactions among Defendants relating to the accused products.

This Court's decision in *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, No. 04-1199-SLR, 2005 WL 851126 (D. Del. Apr. 13, 2005), does not compel a different result. In that case, the Court denied a motion to sever for improper joinder based entirely on the existence of common questions of law or fact—the Court conducted no analysis of transactional relatedness. The Court found that since the defendants were being accused of infringing two of the same patents based on "computer network protection systems" and would be presenting similar invalidity defenses, judicial economy weighed against severance. *See id.* at *4. Although the Court also concluded that there were common transactions or occurrences, it cited no transactional facts or analysis supporting this conclusion, essentially relying solely on the second prong of the Rule 20(a)(2) test to deny severance. *See id.* Given that the *SRI Int'l* decision is inconsistent with the text of Rule 20(a)(2) and the decisions in *Paine*, *Webber* and *Philips* approved by Congress as properly interpreting Rule 20(a)(2), this Court should decline to follow *SRI Int'l.*

Because IpVenture has not met the transactional relatedness prong of Rule 20(a)(2), Dell has been misjoined and the claims against it should be severed.

## V.    THE SEVERED CLAIMS AGAINST DELL SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF TEXAS

Once severed under Rule 21, improperly or unfairly joined claims may be transferred to a more convenient forum under Section 1404(a). *See Wacoh*, 2012 WL 70673, at *7 (transferring claims as to one set of misjoined defendants to the Northern District of New York and transferring claims as to the remaining defendants to the Northern District of California); *Dao v. Knightsbridge Int'l Reinsurance Corp.*, 15 F. Supp. 2d 567, 576 (D.N.J. 1998) (severing claims under Rule 21 and transferring them to the Eastern District of Virginia under section 1404(a)).

### A.    Legal Standard For Transfer Under Section 1404(a).

Pursuant to 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought." A party seeking transfer has the burden of proving the need to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

In analyzing whether transfer is appropriate, a district court's first inquiry is whether the case could have been brought in the Court to which transfer is sought. *See Wacoh*, 2012 WL 70673, at *2; 28 U.S.C. § 1404(a). If that threshold is met, courts in this circuit weigh six private and six public interests to assist in determining whether to transfer a case under section 1404(a). *Jumara*, 55 F.3d at 879. Private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that they may not be available in one of the fora. *Jumara*, 55 F.3d at 879. Public interest factors include: (1) the

enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id.* at 879-80.

**B.     IpVenture Could Have Brought Its Claims Against Dell In The Western District Of Texas.**

The threshold inquiry under section 1404(a)—whether suit "could have been brought" in the proposed transferee forum—is plainly satisfied here, because IpVenture could have brought its alleged infringement claims against Dell in the Western District of Texas.  Subject matter jurisdiction, personal jurisdiction, and venue are all proper there.   Subject matter jurisdiction exists because IpVenture asserts its claims under federal patent law and, pursuant to 28 U.S.C. §§ 1331 and 1338(a), all federal courts, including those in the Western District of Texas, have federal question jurisdiction over the claims.   Dell is subject to personal jurisdiction in the Western District of Texas because Dell's corporate headquarters and the center of its operations are in that district.  (*See* Artman Decl. ¶ 2.)  Venue is proper because an action may be brought wherever a defendant "resides."  *See* 28 U.S.C. §§ 1391(c), 1400(b).  Because Dell is subject to personal jurisdiction in the Western District of Texas, it is deemed to reside in that district.  *See id.* § 1391(c).

**C.     The Private Interest Factors Weigh Strongly In Favor Of Transfer.**

**1.     The Plaintiff's Choice Of Forum.**

The rule giving deference to a plaintiff's choice of forum is based on the assumption that the plaintiff has chosen a convenient forum.  *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 633-34 (3d Cir. 1989) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). Where the forum is neither the plaintiff's home nor the location where the lawsuit arose, the

plaintiff's choice is entitled to less deference. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)); *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 WL 1876477 (D. Del. Dec. 12, 2000) (Sleet, J.).

> In fact, when a Plaintiff's choice of forum is not his "home turf" and one which has no connection to the operative facts of the lawsuit, "the convenience to the plaintiff of litigating in his chosen forum is not as great [and][t]his reduction in convenience lessens the defendant's burden to show that the balance of convenience favors transfer."

*Mekiki Co. v. Facebook, Inc.*, No. 09-745 (JAP), 2010 WL 2348740, at *4 (D. Del. June 7, 2010) (quoting *Kirschner Bros. Oil, Inc. v. Pannill*, 697 F. Supp. 804, 806 (D. Del. 1988)) (alterations in original).

Delaware is not IpVenture's "home turf": IpVenture is a California corporation with a single facility located in Los Altos, California. (*See* Lambrianakos Decl., Ex. 1.) Moreover, Delaware has little connection to the operative facts of this lawsuit, because (1) Dell designs the thermal management architecture for many of its computers in the Western District of Texas (Artman Decl. ¶ 4); (2) Dell assembles and distributes computers with thermal management systems in the Western District of Texas (*id.* ¶ 4); (3) Dell has no facilities in Delaware (*id.* ¶ 7); (3) Dell's witnesses and documents are located primarily in the Western District of Texas (*id.* ¶¶ 4-6); and (4) IpVenture apparently has no facilities in Delaware (Lambrianakos Decl., Ex. 1), and presumably has no documents or witnesses located in Delaware. As such, the presumption that Delaware is a convenient forum for this action has no basis in fact, and IpVenture's choice of the District of Delaware is not entitled to the level of deference otherwise afforded to a plaintiff's choice of forum.

RLF1 5922123v. 1

### 2.      The Defendant's Choice Of Forum.

Dell's chosen forum is the Western District of Texas because Dell maintains its headquarters in that district; all U.S.-based activity relating to thermal management systems occurs there; and Dell's witnesses, including third-party witnesses and employee witnesses, as well as its relevant documents, are located there.  (*See* Artman Decl. ¶¶ 2, 4-6.)  This factor weighs in favor of transfer.

### 3.      Where The Claim Arose.

This factor weighs slightly in favor of transfer because the allegedly infringing technology was developed in the Western District of Texas.  *See Angiodynamics, Inc. v. Vascular Solutions, Inc.*, No. 09-554-JJF, 2010 WL 3037478, at *3 (D. Del. July 30, 2010) (Farnan, J.) (finding that even where infringement is national in scope, this factor weighed slightly in favor of transfer where defendant's acts that allegedly induced infringement were committed in another district).  The thermal management architecture found in many of Dell's computers was developed in the Western District of Texas.  (*See* Artman Decl. ¶ 4.)  Therefore, to the extent that IpVenture's claim arose in any particular forum, that forum is the Western District of Texas.

### 4.      The Convenience Of The Parties

This factor weighs strongly in favor of transfer because litigating this matter in the Western District of Texas would be more convenient for both parties.  Dell's employee witnesses and third-party witnesses are located there, as are the documents relating to the technology accused of infringement.  (*See* Artman Decl. ¶¶ 4-6.)  Transfer of this case to Austin, Texas would eliminate the need for Dell's witnesses and in-house attorneys to take 1,400-mile trips from the Austin, Texas area to Wilmington, Delaware to attend hearings and trial.  (*See* Lambrianakos Decl., Ex. 2.)

RLF1 5922123v. 1

Although a transfer to the Western District of Texas would not eliminate IpVenture's need to travel, the burden would be significantly reduced. The trip from Los Altos, California, to Austin is over 1,000 miles shorter than the trip to Delaware, and Austin-Bergstrom Airport is less than a 20-minute drive from the federal courthouse in Austin. (*See* Lambrianakos Decl., Exs. 3-5.) Both parties thus stand to benefit from a transfer to the Western District of Texas.

Dell's status as a major corporation should not minimize this factor's weight in favor of transfer. The mere fact that Dell can afford to make trips to Delaware is not a legitimate reason to require it to do so unnecessarily. *See Boram Pharm. Co. v. Life Techs. Corp.*, No. 10-31, 2010 WL 2802727, at *2 (D. Del. July 14, 2010) (Bartle, C.J.) ("The fact, as plaintiff notes, that the parties are large corporations and by implication can afford to indulge in litigation in this, the more expensive forum, is no reason for the court to countenance this indulgence.")

This Court's recent decision in *Robocast, Inc. v. Apple, Inc.*, No. 11-235-RGA, 2012 WL 628010 (D. Del. February 24, 2012), does not compel a different conclusion. In *Robocast*, this Court found that the convenience of the parties weighed against transfer because the financial condition of the plaintiff, a small company with three employees, "pale[d] in comparison to that of Apple." *Id.* at 2. *Robocast* is distinguishable, however, because in that case, the transferee district, the Northern District of California, was far less convenient for the plaintiff, which had its principal place of business in New York. *Id.* at 2. Obviously, transcontinental travel from New York to San Francisco is far more burdensome on a small company than the short trip from New York to Delaware. By contrast, as discussed above, the Western District of Texas is *significantly more convenient* for Plaintiff than its chosen district. As such, the relative financial condition of the parties favors transfer because it lessens the burden on the smaller entity, IpVenture.

RLF1 5922123v. 1

Dell's incorporation in Delaware is not dispositive of transfer and does not negate the greater convenience of litigating in the Western District of Texas.  "Neither § 1404 nor *Jumara* list a party's state of incorporation as a factor for a venue inquiry."  *Link_A_Media*, 662 F.3d at 1223-24; *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 509 n.6 (D. Del. 1999).  As such, other cases have been transferred to more convenient districts when one or more parties are Delaware corporations.  *See, e.g.*, *Boram*, 2010 WL 2802727 (defendant was a Delaware corporation); *APV N. Am., Inc. v. Sig Simonazzi  N. Am., Inc.*, 295 F. Supp. 2d 393 (D. Del. 2002) (both plaintiff and defendant were Delaware corporations); *Brunswick*, 2000 WL 1876477, at *1 (both plaintiff and defendant were Delaware corporations); *Affymetrix, Inc. v. Systeni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998) (both defendants were Delaware corporations).

### 5.    The Convenience Of The Witnesses

The convenience of the witnesses favors transfer because several individuals who participated in the design and development of Dell's thermal and power management systems no longer work for Dell but reside and work in the Western District of Texas.  *See Affymetrix*, 28 F. Supp. 2d at 203 (noting that fact witnesses who possess firsthand knowledge of the events giving rise to the lawsuit have traditionally weighed quite heavily in the "balance of convenience" analysis).   Specifically, Michael Heatley, Chris Jaggers, and Roberto Prosperi have been identified as witnesses who are particularly knowledgeable about Dell's thermal management systems and are believed to live and work in the Austin, Texas area.  (*See* Artman Decl. ¶ 6.)  In fact, Mr. Prosperi is an inventor of one of Dell's patents relating to thermal management technology.  (*See* D.I. 36 ¶ 31 (citing U.S. Patent No. 7,464,277).)   If this case proceeds in Delaware, these third-party individuals may be forced to request time off from their current employers and travel thousands of miles to attend trial in Delaware, causing them great inconvenience.

-18-

By contrast, Dell has not located any relevant third-party witnesses in Delaware. (*See* Artman Decl. ¶ 7.)  Therefore, this factor weighs strongly in favor of transfer.

### 6.    The Location Of Books And Records

Dell's U.S.-based activity related to the design of thermal management architecture and the assembly of computers with thermal management systems is in Austin, Texas.  (*See* Artman Decl. ¶ 4.)  Accordingly, Dell's books and records relating to thermal management systems are also located in Austin, Texas.  (*See id.*)  Dell has no design, manufacturing, or distribution centers, or any relevant documents, in Delaware. (*See id.* ¶ 7.)  Since IpVenture maintains only a single facility in Los Altos, California, it appears unlikely that its books and records are located in Delaware.   Although this factor is no longer granted significant weight in the "balance of convenience" analysis due to technological advances in document collection and production, *Affymetrix*, 28 F. Supp. 2d at 205, this factor nevertheless weighs slightly in favor of transfer.

### D.    The Public Interest Factors Also Weigh In Favor Of Transfer.

#### 1.    Court Congestion.

The "court congestion" factor weighs heavily in favor of transfer.  On average, the time to trial for civil cases in the Western District of Texas is 16.1 months, as compared to 26.8 months in the District of Delaware.  (*See* Lambrianakos Decl., Exs. 6, 7.)  In the Western District of Texas, only 2.5 percent of all pending cases are more than three years old, whereas 14.4 percent of the pending cases in Delaware are at least that old.  (*Id.*)

#### 2.    Local Interest In The Controversy.

Delaware has an interest in resolving this dispute to the extent that Dell is a Delaware corporation, but the Western District of Texas has an interest in litigation involving its corporate citizens.  *See Illumina, Inc. v. Complete Genomics, Inc.*, No. 10-649, 2010 WL 4818083, at *5 (D. Del. Nov. 9, 2010) (Kelly, J.).  The "local interest" factor is therefore neutral.

### 3.   Remaining Public Interest Factors.

The other *Jumara* public interest factors (enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; public policies of the fora; and the trial judge's familiarity with the applicable state law in diversity cases) are neutral or irrelevant to the transfer analysis in this case.

In sum, the *Jumara* private and public interest factors strongly favor transfer to the Western District of Texas.  Five of the six private interest factors, as well as one non-neutral public interest factor, favor transfer to the Western District of Texas.  It is the more convenient and less burdensome and expensive district for the parties and their witnesses.  Although Plaintiff's choice of forum weighs against transfer, that factor is not entitled to the highest level of deference because Delaware is not IpVenture's home district.  Accordingly, this Court should transfer IpVenture's severed claims against Dell to the Western District of Texas.

## VI.   CONCLUSION

For the foregoing reasons, Defendant Dell Inc. respectfully requests that this Court grant its motion to sever IpVenture's claims against Dell for improper joinder and transfer the severed claims to the Western District of Texas.

OF COUNSEL:
Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601-5600
(312) 558-5600

Howard I. Shin
Peter Lambrianakos
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700

Dated:  March 23, 2012

*/s/ Steven J. Fineman*
Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com

*Attorneys for Defendant Dell Inc.*

RLF1 5922123v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing and electronically mailed to the following:

Steven L. Caponi
Blank Rome LLP
1201 North Market Street
Suite 800
Wilmington, DE 19801-4226

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Adam Wyatt Poff
Monté T. Squire
Young, Conaway, Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

John C. Phillips , Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

John G. Day
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

*/s/ Steven J. Fineman*
Steven J. Fineman (#4025)
Fineman@rlf.com

RLF1 5922123v. 1