IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IPVENTURE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 11-cv-00588-RGA |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| (1)  ACER, INC. | ) | |
| (2)  ACER AMERICA | ) | |
| CORPORATION | ) | |
| (3)  GATEWAY, INC. | ) | |
| (4)  ASUSTEK COMPUTER INC. | ) | |
| (5)  ASUS COMPUTER | ) | |
| INTERNATIONAL | ) | |
| (6)  DELL INC. | ) | |
| (7)  FUJITSU LIMITED | ) | |
| (8)  FUJITSU AMERICA, INC. | ) | |
| (9)  LENOVO GROUP LIMITED | ) | |
| (10) LENOVO (UNITED STATES) | ) | |
| INC. | ) | |
| (11) SAMSUNG ELECTRONICS CO., | ) | |
| LTD. | ) | |
| (12) SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC. | ) | |
| (13) TOSHIBA CORPORATION | ) | |
| (14) TOSHIBA AMERICA, INC. | ) | |
| (15) TOSHIBA AMERICA | ) | |
| INFORMATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF IPVENTURE'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT DELL INC.'S MOTION TO SEVER AND TRANSFER

OF COUNSEL:

Morgan Chu
Richard Birnholz
Babak Redjaian
Dorian Berger
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067-4276

Steven L. Caponi (I.D. No. 3483)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, Delaware  19801
(302) 425-6400

*Attorneys for Plaintiff IpVenture, Inc.*

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II.  NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 2

III.  SUMMARY OF ARGUMENT .................................................................................... 3

IV.  FACTUAL BACKGROUND ........................................................................................ 4

V.  DELL IS PROPERLY JOINED UNDER BOTH RULE 20 AND THE AIA ................ 6

    A.  IpVenture's Claims Against Dell Involve The Same Products, Share The Same Foundation, Factual Background, and Present Common Questions ...................... 7

    B.  Dell's Cited Authorities Are Distinguishable And Do Not Support Severance . ................................................................................................................... 10

VI.  TRANSFERRING THE CLAIMS AGAINST DELL TO THE WESTERN DISTRICT OF TEXAS PROMOTES NEITHER THE INTERESTS OF JUSTICE NOR THE EFFICIENT ADMINISTRATION OF THIS CASE .................. 11

    A.  The Private Interest Factors Weigh Against Transfer ......................................... 12

        1.  IpVenture's rational choice of a Delaware forum should be respected. ................................................................................................... 12

        2.  Dell's preference for Texas should be given limited weight and ignores the burdens on IpVenture of the continuing litigation in Delaware. .................................................................................................. 13

        3.  Where the claim arose at best is neutral. ................................................. 13

        4.  The convenience of the parties strongly favors Delaware. ..................... 14

        5.  The convenience of the witnesses does not favor transfer ..................... 14

        6.  The location of books and records is a neutral factor. ............................ 15

    B.  The Public Interest Factors Weigh Strongly Against Transfer. .......................... 16

        1.  The adverse effects of transfer on judicial economy and the administration of these proceedings strongly cuts against transfer. ................................................................................................... 16

        2.  Court congestion is not a meaningful factor. .......................................... 17

**Page**

   3. Delaware has an interest in this litigation. ...............................................17

VII. CONCLUSION...........................................................................................................18

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*1st Source Bank v. Merritt,*
    759 F. Supp. 2d 505 (D. Del. 2011) ........................................................................ 12

*ADE Corp. v. KLS Tencor Corp.,*
    138 F.Supp.2d 565 (D. Del. 2001) .......................................................................... 15

*Air Prods. and Chems., Inc. v. MG Nitrogen Servs., Inc.,*
    133 F. Supp. 2d 354 (D. Del. 2001) ........................................................................ 16

*Apple, Inc. v. High Tech Computer Corp.,*
    2011 WL 143909 (D. Del. January 18, 2011) ......................................................... 14

*Arendi S.A.R.L. v. Microsoft Corporation et al.,*
    1:09-cv-00119-LPS (filed 02/24/2009) .................................................................... 5

*Autodesk Can.  v.  Assimilate, Inc.,*
    2009 WL 3151026 (D. Del. Sep. 29, 2009) ............................................................ 18

*Automotive Technologies Int'l, Inc. v. American Honda Motor Co., Inc.,*
    2006 WL 3783477 (D. Del., December 21, 2006) ................................................. 12

*Biglow v. Boeing Co.,*
    201 F.R.D. 519 (D. Kan. 2001) ................................................................................ 9

*Coughlin v. Rogers,*
    130 F.3d 1348 (9th Cir. 1997) .................................................................................. 8

*Eolas Tech v. Adobe Systems,*
    2010 WL 3835762 (E.D. Tex. Sept. 28, 2010) ...................................................... 16

*Farina v. Nokia Inc.,*
    625 F.3d 97 (3d Cir. 2010) ....................................................................................... 6

*FuzzySharp Technologies Incorporated v. Nvidia Corporation et al.,*
    1:09-cv-00872-SLR (filed 11/16/2009) .................................................................... 5

*Golden Bridge Technology Inc. v. Amazon.Com Inc. et al.,*
    1:11-cv-00165-SLR (filed 02/24/2011) .................................................................... 5

*Graphics Properties Holdings Inc. v. Dell Inc. et al.,*
    1:10-cv-00992-SLR (filed 11/18/2010) .................................................................... 5

**Page(s)**

*Graulich v. Dell, Inc.*,
  2011 WL 1843813 (Del. Ch. May 16, 2011).........................................................................5

*Hagan v. Rogers*,
  570 F. 3d 146 (3rd Cir. 2009)...........................................................................................7

*Honeywell Int'l Inc., et al. v. Apple Computer Inc., et al.*,
  1:04-cv-01338-LPS (filed 06/10/2004) .........................................................................5

*Human Genome Sci., Inc. v. Genentech, Inc.*,
  2011 WL 2911797 (D. Del. Jul. 18, 2011) ...................................................................16

*In re Google, Inc.*,
  2011 WL 772875 (Fed. Cir. March 4, 2011)................................................................17

*In Re: Compellent Technologies, Inc. Shareholders Litigation*,
  2011 WL 6382523 (Del. Ch. Dec. 9, 2011)....................................................................5

*Intellectual Ventures I LLC v. Altera Corp.*,
  2012 WL 297720 (D. Del. Jan. 24, 2012).....................................................................12

*Magnavox Co. v. APF Elec., Inc.*,
  496 F. Supp. 29 (N.D. Ill. 1980) ...................................................................................10

*Mallinckrodt v.  E-Z-EM Inc.*,
  670 F.  Supp. 2d 349 (D. Del. 2009).............................................................................18

*National Semiconductor Corporation v. LSI Corporation et al.*,
  1:08-cv-00461-GMS (filed 7/25/2008).........................................................................5

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  564 F. Supp. 1358 (D. Del. 1983).................................................................................10

*Philips Elecs. NA. Corp. v. Contec Corp.*,
  312 F.Supp.2d (D. Del. 2004).................................................................................10, 11

*Robocast, Inc. v. Apple Inc.*,
  C.A. No. 11-235-RGA (D. Del. Feb. 24, 2012)......................................................12, 17

*Round Rock Research LLC v. Dell Inc.*,
  1:11-cv-00976-RGA (filed 10/14/2011)..........................................................................5

*Select Retrieval LLC v. Amerimark Direct LLC et al.*,
  1:11-cv-00812-RGA (filed 09/13/11) .............................................................................5

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970) ............................................................................................12

**Page(s)**

*Simms v. Thomson Reuters Tax and Accounting, Inc.*,
  2011 WL 4501225 (D. Del. Sep. 28, 2011) ...................................................................... 14, 15

*SLR Guardian Industries v. Dell Inc., et al.*,
  1:05-cv-00027-SLR (filed 1/19/2005) ...................................................................... 5

*SLR Internet Media Corporation v. Dell Inc. et al.*,
  1:05-cv-00633-SLR (filed 8/29/2005) ...................................................................... 5

*SoftView LLC v. Apple Inc. et al.*,
  1:10-cv-00389-LPS (filed 5/10/2010) ...................................................................... 5

*Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,
  233 F.R.D. 615 (D.Kan. 2006) ...................................................................... 9

*St. Clair Intellectual Property Consultants Inc. v. Acer Inc. et al.*,
  1:09-cv-00354-LPS (filed 5/15/2009) ...................................................................... 5

*Trader v. Fiat Distribs., Inc.*,
  476 F. Supp. 1194 (D. Del. 1979) ...................................................................... 6

*United Mine Workers of Am.*,
  383 U.S. 715 (1966) ...................................................................... 9

*Virgin Wireless, Inc. v. Virgin Enters., Ltd.*,
  201 F. Supp. 2d 294 (D. Del. 2002) ...................................................................... 11

*Wacoh Co. v. Kionix Inc.*,
  2012 WL 70673 (D. Del. Jan. 9, 2012) ...................................................................... 10

*Walker Digital LLC v. American Airlines, Inc. et al*,
  1:11-cv-00320-GMS (filed 04/11/2011) ...................................................................... 5

*WebXchange Inc. v. Dell Inc.*,
  1:08-cv-00132-RGA (filed 3/5/2008) ...................................................................... 5

*Xpoint Technologies Inc. v. Cypress Semiconductor Corp. et al.*,
  1:09-cv-00628-SLR (filed 8/21/2009) ...................................................................... 5

**Statutes**

35 U.S.C. § 299 ...................................................................... 3, 6, 9

**Other Authorities**

7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652 (3d ed. 2001) .................... 9

**Page(s)**

8 Donald S. Chisum, Chisum on Patents, §21.03 (1998) .............................................................. 10

**Rules**

Fed. R. Civ. P. 1 ....................................................................................................................... 6

Fed. R. Civ. P. 12 ..................................................................................................................... 3

Fed. R. Civ. P. 20 ............................................................................................................... passim

Fed. R. Civ. P. 42 ............................................................................................................... 1, 9, 10

## I.      INTRODUCTION

The Court should deny Dell's request to sever and transfer.  Dell's motion does not enhance judicial efficiency and economy or serve the interests of justice.  Instead, Dell's proposed relief would complicate this litigation, multiply the burdens on the parties and the Court, and require another Court to issue duplicative and perhaps inconsistent decisions on claims under the same patents against computers that are believed to be the same or employ the same accused processes.

First, Dell's arguments for severance based on alleged misjoinder are incorrect.  Joinder in this case is entirely consistent with Rule 20 as well as the America Invents Act (even assuming the new joinder provisions apply).  IpVenture's First Amended Complaint alleges claims against all the Defendants, including Dell, for infringing the same patents, United States Patent Nos. 7,937,599 (the "'599 patent"); 7,506,190 (the "'190 patent"); 6,487,668 (the "'668 patent"); and 7,167,993 (the "'993 patent") (collectively "the patents-in-suit").  IpVenture's pleading then goes on to describe in paragraphs 23 and 24 how the accused thermal management functionality is material to the Defendants' computers, and how the computers use common components and architectures, and how Dell and the other Defendants are infringing by employing the same process using those common components.  Moreover, IpVenture believes that at least some of the accused Dell computers are manufactured by the same "ODM" (Original Design Manufacturer) and for purposes of infringement will in fact be the same product as those of other Defendants.  As a result of the commonality between the products and the overlap in the alleged infringement, the claims in this case involve the same transaction or occurrence or series of transactions or occurrences, relate to the same accused product and process, and raise numerous common questions of fact on infringement, validity and claim construction.  Indeed, if the case against Dell were brought separately, the Court might well have consolidated it with the others under Rule 42.

Second, the Court also should not transfer the claims against Dell to the Western District of Texas. Dell has not shown, and cannot show, that such a transfer would promote the interest of justice or that the balance of private and public convenience factors strongly warrant dividing this case between different courts with different judges in different states. Forcing IpVenture to litigate a duplicative action in Western Texas, along with an action in this Court, would be a significant hardship on IpVenture. Dell is fully capable of litigating this case in its state of incorporation, and cannot face a hardship by litigating in a forum in which it has maintained numerous actions in the past. Moreover, one of the named inventors, Alan Thomas, resides in Ocean City, New Jersey, close to this Court, whereas Dell has not identified any witnesses who would not be available for proceedings here if their presence were required. IpVenture's selection of Delaware, where Dell and other Defendants are incorporated, is more than rational and should not be disturbed.

Together with ASUSTeK's motion to transfer, Dell's motion illustrates precisely why transfer is inappropriate. Dell seeks a transfer to the Western District of Texas. ASUSTeK seeks transfer to the Northern District of California. Were the Court to grant these requests, this case would proceed in three forums, all called upon to decide the same questions of claim construction, infringement and validity. The burdens are obvious, as is the risk of divergent rulings.

In short, neither severance nor transfer is appropriate. Indeed, it would be detrimental to judicial economy and the efficient administration of this case. IpVenture respectfully requests that the Court deny Dell's motion so the parties can proceed with the litigation.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

This patent infringement case is at the pleading stage. On November 28, 2011, IpVenture filed a First Amended Complaint asserting four patents (all continuation applications in the same patent family) against Dell and other computer companies. D.I. 36. The First Amended Complaint explains the importance of the accused thermal management functionality and how the

products at issue include common components leading to common issues of infringement and claim construction.  D.I. 36 ¶¶ 23-24.  This is not Dell's first pleading motion.  On February 21, 2012, Dell brought a Rule 12(b)(6) motion.  D.I. 70, 81 and 95.  At issue now is Dell's motion to sever and transfer, which will only delay and complicate this litigation.  D.I. 97.

## III.    SUMMARY OF ARGUMENT

1.      Dell is properly joined as a Defendant.  IpVenture's claims and allegations against Dell are consistent with both Rule 20(a) of the Federal Rules of Civil Procedure as well as The Leahy-Smith American Invents Act, Pub. L. No. 112-29, § 299 (2011) ("AIA") (even assuming it applies to Dell in this case).  This is not a case where disparate sets of patents are directed at entirely different kinds of products from different Defendants.  D.I. 98 at 7.  Rather, IpVenture alleges that the infringing thermal management functionality is material to the operation of Defendants' products and allows those products to perform as intended.  IpVenture further alleges that Dell, like the other Defendants, infringes by employing a fundamental, common thermal management architecture implemented with common components and software, including the same Intel microprocessors, along with fans and microcontrollers.  Publically available information also indicates that Defendants such as Dell outsource much of the manufacturing of notebook computers to the same ODM, meaning that Dell's infringing products may not just work the same, but for purposes of the alleged infringement may be the same product.  The overlap and tight connection between the claims against Dell and the other Defendants confirms that IpVenture's claims are consistent with Rule 20 of the Federal Rules, as well as the AIA, which provide that such claims may be joined so the common questions arising out of common transactions may be addressed in a single action.  Forcing these common questions to be decided separately makes no sense.

2.      Dell's request for a transfer of the claims against it to the Western District of Texas

should be denied because transfer is not in the interests of justice and the balance of the *Jumara* factors do not strongly favor transfer. IpVenture rationally selected Delaware, where Dell and other Defendants are incorporated; one of the inventors lives in close proximity to this Court; it would not be a hardship for Dell to litigate in this District; -- whereas transfer would adversely affect the efficient administration of this case, multiply the burden on the parties and the Courts, and risk inconsistent rulings on common issues.

## IV.     FACTUAL BACKGROUND

IpVenture is a technology and licensing company with its offices in Northern California. The company's founders and principals are Peter Tong, a distinguished Ph.D graduate of the California Institute of Technology (Cal Tech), and Douglass Thomas, an engineer and attorney who is one of the named inventors on the Patents-in-Suit. The other named inventor is Alan Thomas, a resident of Ocean City, New Jersey. The four patents-in-suit are each entitled "Thermal and Power Management for Computer Systems." All of the patents share the same disclosure (but have different claims) and resulted from an original patent application filed on June 20, 1994. The four patents-in-suit are part of a larger family of ten patents that issued from the same original application. IpVenture's patents cover fundamental thermal and power management techniques relying on the intelligent use of fans and "throttling" the speed at which the processor operates that are broadly implemented in today's computers, including notebook computers.

The named Defendants in this case are Acer, Asus, Dell, Fujitsu (no longer a party), Lenovo, Samsung, and Toshiba. Dell is a Delaware corporation with its headquarters in Round Rock, Texas, outside of Austin. Dell touts itself as one of the largest computer makers in the world and one of the world's largest manufacturers of notebook computers. Declaration of Dorian Berger ("Berger Decl.") Ex. 1 at 58. Dell has a history of interaction with the District of Delaware. In 1987, Dell incorporated in Delaware and has continued to avail itself of Delaware law for 25

- 4 -

years.  Berger Decl. Ex. 2.  Over the past eight years Dell has litigated twelve  cases in the District

of Delaware without filing a motion to transfer.[1]  Dell has also recently litigated in Delaware state

court.  *See, e.g., Graulich v. Dell, Inc.*, 2011 WL 1843813 (Del. Ch. May 16, 2011); *In Re:*

*Compellent Technologies, Inc. Shareholders Litigation*, 2011 WL 6382523 (Del. Ch. Dec. 9,

2011).

Dell, like the other Defendants, is alleged to infringe with respect to the broad

implementation of thermal management functionality claimed in the patents-in-suit.  As set forth

in the First Amended Complaint, "[t]he infringing products are made, used, sold, or imported with

common components and/or software, including one or more Intel microprocessors, one or more

cooling fans, operating systems (such as Microsoft Windows operating system), as well as other

common components that raise common questions of fact as to all Defendants on at least the issues

of infringement, claim construction, and validity."  D.I. 36 at ¶ 23.  Dell, like the other Defendants,

---

[1] *See Select Retrieval LLC v. Amerimark Direct LLC et al.*, 1:11-cv-00812-RGA (filed 09/13/11); *Walker Digital LLC v. American Airlines, Inc. et al*, 1:11-cv-00320-GMS (filed 04/11/2011) (Dell filed counterclaims); *Golden Bridge Technology Inc. v. Amazon.Com Inc. et al.*, 1:11-cv-00165-SLR (filed 02/24/2011); *Graphics Properties Holdings Inc. v. Dell Inc. et al.*, 1:10-cv-00992-SLR (filed 11/18/2010) (Dell filed counterclaims); *SoftView LLC v. Apple Inc. et al.*, 1:10-cv-00389-LPS (filed 5/10/2010); *Xpoint Technologies Inc. v. Cypress Semiconductor Corp. et al.*, 1:09-cv-00628-SLR (filed 8/21/2009) (Dell filed counterclaims); *St. Clair Intellectual Property Consultants Inc. v. Acer Inc. et al .*, 1:09-cv-00354-LPS (filed 5/15/2009); *Arendi S.A.R.L. v. Microsoft Corporation et al.*, 1:09-cv-00119-LPS (filed 02/24/2009); *National Semiconductor Corporation v. LSI Corporation et al.*, 1:08-cv-00461-GMS (filed 7/25/2008) (Dell filed counterclaims); *SLR Internet Media Corporation v. Dell Inc. et al.*, 1:05-cv-00633-SLR (filed 8/29/2005) (litigated through claim construction briefing); *SLR Guardian Industries v. Dell Inc., et al.*, 1:05-cv-00027-SLR (filed 1/19/2005) (Dell filed counterclaims); *Honeywell Int'l Inc., et al. v. Apple Computer Inc., et al.,* 1:04-cv-01338-LPS (filed 06/10/2004) (Dell filed counterclaims).  There appear to be only three cases where Dell was named as a defendant and moved to transfer.  *See FuzzySharp Technologies Incorporated v. Nvidia Corporation et al.,* 1:09-cv-00872-SLR (filed 11/16/2009) (Dell moved to transfer as part of a group); *WebXchange Inc. v. Dell Inc.*, 1:08-cv-00132-RGA (filed 3/5/2008) (Dell withdrew motion); *Round Rock Research LLC v. Dell Inc.*, 1:11-cv-00976-RGA (filed 10/14/2011) (pending).

have employed the common, infringing thermal management architecture "to allow Defendants' products to perform as intended."  D.I. 36 at ¶ 24.

## V.       DELL IS PROPERLY JOINED UNDER BOTH RULE 20 AND THE AIA

The Federal Rules of Civil Procedure begin by stating that they "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  To this end, IpVenture has joined in this case infringement claims against Dell and the other Defendants because these claims relate to common products, arise out of common transactions or occurrences, and present common questions of fact and law.  Rule 20 of the Federal Rules specifically contemplates joinder when the right to relief arises out of the same "series of transactions or occurrences" and when "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The joinder provision of the AIA, to be codified in a new 35 U.S.C. § 299, is nearly identical, but sharpens the language to provide that the right to relief arises out of the same series of transactions or occurrences "relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and that (2) questions of fact common to all defendants or counterclaim defendants will arise in the action."  35 U.S.C. § 299(a). [2]  The Third Circuit has held "[f]or courts applying Rule 20 and related rules, the impulse is toward entertaining the broadest possible scope

---

[2] The AIA provides that "[t]he amendments made by this section shall apply to any civil action commenced on or act the date of this act."  35 U.S.C. § 299(e) (AIA section 19).  This action was commenced on July 7, 2011, two months before the date of the AIA.  Neither of the cases Dell cites for the proposition that the AIA applies address the language of the AIA, and involve different circumstances.  *See Trader v. Fiat Distribs., Inc.*, 476 F. Supp. 1194, 1206 (D. Del. 1979) (Title VII claims against a new defendant were "not properly asserted" until the "filing date of the amended complaint); *Farina v. Nokia Inc.*,625 F.3d 97, 107-13 (3d Cir. 2010) (Third Circuit determined Class Action Fairness Act was not applicable after applying Pennsylvania State Law).  Contrary to Dell's assertion in footnote 2 that IpVenture conceded the AIA applied by referencing the act in the First Amended Complaint, IpVenture did so in an excess of caution and to confirm that joinder was appropriate whether or not the AIA applied.

of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

encouraged." *Hagan v. Rogers*, 570 F. 3d 146, 153 (3rd Cir. 2009).

### A.  IpVenture's Claims Against Dell Involve The Same Products, Share The Same Foundation,  Factual Background, and Present Common Questions.

The crux of Dell's misjoinder argument is that it is not sufficient to join defendants based

solely on the allegation that more than one defendant is infringing the same patent.  IpVenture's

patent infringement claims against Defendants are based on far more than the allegation that the

same patents are infringed.  While joining unrelated claims against different products of different

defendants could present joinder issues, the allegations in this case are all directed at the same

infringing products and processes.  Dell, like the other Defendants, manufactures or sells

infringing computers that use "common components and/or software, including one or more Intel

microprocessors, one or more cooling fans, [and an] operating systems (such as Microsoft

Windows operating system)" to implement IpVenture's patented thermal management

functionality.  D.I. 36 ¶¶ 23-24.  In other words, the allegations are not just that the Defendants all

infringe, but that the Defendants are alleged to infringe by using the same components and

technology.   Using Dell's analogy, IpVenture has not joined the defendants because they all have

products with "wheels," but that they have the same *infringing* "wheels."

Dell also makes the overly restrictive argument that joinder is proper *only* if there is a

"corporate relationship" with the other defendants, or perhaps a contractual relationship between

the Defendants.  Dell has not cited authority for such a narrow proposition.  The joinder rules

contemplate joining claims that involve the same series of transactions or occurrences, and under

the AIA, the same accused products or processes.  Here, in addition to the common components

and configurations implemented in infringing IpVentures' patents, IpVenture also believes that

Dell shares the same "ODM" manufacturer with other Defendants.  Berger Decl. Exs. 3, 4.  For

example, publically available information indicates that Dell, Acer and Toshiba all use Wistron

Corporation to manufacture notebook computers which are then sold under respective Defendant

brand names.  Berger Decl. Exs. 5, 6.  Although discovery will reveal additional details with

respect to particular products, the fact that the alleged infringing devices share common

manufacturers across the Defendants is indicia that Defendants are engaged in the same "series of

transactions or occurrences."  Indeed, it is likely that the products themselves (employing common

components and in various instances made at a common ODM) are, or should be considered, the

same products for purposes of the infringement at issue.

Rule 20 specifically contemplates joinder when the right to relief arises out of the same

"series of transactions or occurrences" and when "any question of law or fact common to all

defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The substance of IpVenture's

allegations in the First Amended Complaint falls within this familiar standard:  Dell sells and uses

the same infringing apparatus and process with fans and throttling to thermally manage their

computers by preventing overheating and preserving their intended performance.  D.I. 36 ¶¶ 23, 24.

The circumstances of Dell's implementation of thermal management is a series of occurrences

having a "similarity in the factual background of [IpVenture's] claim[s]" satisfies the "same

transaction" prong.  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Dell also repeatedly ignores the purpose of the joinder rules, which are to promote trial

convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits

on the same issues.   If the Court grants Defendant's motion, the exact opposite will occur.  The

claims of the same patents will have to be construed multiple times; prior art argued about and

analyzed numerous times; validity addressed and determined repeatedly; expert witnesses opining

and testifying on the same common questions more than once in different cases; and fact witnesses

deposed on multiple occasions.  "The drafters devised Rule 20(a) 'to promote trial convenience

and expedite the final determination of disputes, thereby preventing multiple lawsuits.'  The court

construes Rule 20(a) broadly because 'joinder of claims, parties and remedies is strongly

encouraged.'"  *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 616 (D.

Kan. 2006) (*quoting* 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652 (3d ed.

2001); *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001))..

    The same result obtains even under the AIA joinder provisions, assuming for purposes of

this motion that it were to apply.  *See* note 2, supra.  The AIA allows for joinder of claims

involving the "the making, using, importing into the United States, offering for sale, or selling of

the same accused product or process" when "questions of fact common to all defendants or

counterclaim defendants will arise in the action."  35 U.S.C. § 299(a).  Dell relies heavily on the

comment in the AIA that defendants may not be joined "based solely on allegations that they each

have infringed the patent or patents in suit."  *Id*., § 299(b).  As mentioned above, IpVenture is not

relying on an allegation that Defendants are infringing the same patent.  Rather, IpVenture has

alleged that Defendants are doing so by employing the same accused product or process, as

evidenced by their common manufacture, common architectures, and common components.  The

questions of fact that will arise are not just related, they are expected to be the same questions.  As

the Supreme Court noted in describing the purpose behind joinder rules, "the impulse is toward

entertaining the broadest possible scope of action consistent with fairness to the parties."  *United

Mine Workers of Am.*, 383 U.S. 715, 724 (1966).

    Dell's motion also appears to be an exercise in futility.  Even if Dell's motion had merit,

which it does not, Rule 42 would allow the Court to consolidate the claims against Dell with those

against the other Defendants.  Under Rule 42(a), "[i]f actions before the court involve a common

question of law or fact," the Court may join the cases for hearing or trial, consolidate them, or issue "any other orders to avoid unnecessary cost of delay."  Fed. R. Civ. P. 42(a).  Even if the Court agreed with Dell, that there was some misjoinder issue, which there is not, the Court may, in its discretion, "ignore the misjoinder by finding that the actions should be consolidated anyway." 8 Donald S. Chisum, Chisum on Patents, §21.03[6][c] (1998) (citing *Magnavox Co. v. APF Elec., Inc.*, 496 F. Supp. 29 (N.D. Ill. 1980)).

### B.   Dell's Cited Authorities Are Distinguishable And Do Not Support Severance .

Dell has cited several cases to argue misjoinder, but a closer review confirms that involve different circumstances than those reflected in IpVenture's allegations.

For example, Dell cites this Court's opinion in *Wacoh Co. v. Kionix Inc.*, 2012 WL 70673, at *2 (D. Del. Jan. 9, 2012), to challenge joinder, but *Wacoh* is distinguishable on its facts.  In *Wacoh*, the defendants manufactured different products operating in different ways and the asserted patents differed between the Defendants.  *Id*.  In contrast, IpVenture's First Amended Complaint alleges commonalities between the infringing products and the infringing thermal management functionality.

Dell also overstates a few cases in arguing that that the "common transaction" requirement cannot be fulfilled when defendants are competitor companies without a specific transactional relationship between them.  *See* D.I. 98 at 10.  For this proposition, Dell cites *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358 (D. Del. 1983) and *Philips Elecs. NA. Corp. v. Contec Corp.*, 312 F.Supp.2d (D. Del. 2004).   However, Dell's brief presents a grossly overbroad reading of the opinions.   First, *Paine Webber* involved a third –party complaint for patent infringement.  In finding that Merrill Lynch could not properly join Paine Webber and Dean Witter in a third-party complaint, Merrill Lynch never identified a common product or process between the two defendants.  *Paine Webber*, 564 F. Supp. at 1370.  In

contrast, IpVenture has articulated how the Dell products use common components, the same microprocessors, the same operating systems, and other hardware and software which function the same, and also as noted here that some of the Defendants share a common ODM manufacturer.

*Philips Elecs. NA. Corp.* also is a very different case.  In *Philips*, the complaint alleged that both defendants "distribute[] and sells RCU[] [Remote Control Units] that infringe the . . . patents." But the issue of joinder did not arise on the pleadings.  Rather, the question arose on a motion to sever brought later in the case, after discovery and a month before trial on the merits.  The Court granted the motion because there was no further proof that there was commonality between the products.  The question of severance in *Philips* thus arose in a different procedural posture involving different factual circumstances  Here, IpVenture has provided a basis for alleging joinder at the outset based on the commonalities in the accused products and that the products may be considered functionally the same for purposes of the infringing thermal management.   At a minimum, the issue has been sufficiently plead such that discovery proceed, the case litigated in an efficient manner and the common questions decided in one proceeding, rather than dividing these proceedings in a manner that is burdensome to the Courts and the parties.

In sum, IpVenture has duly joined claims of infringement against Dell that should be resolved in this action.  Severance would serve no purpose, and indeed, would be counter to the efficient administration of the litigation.

## VI.   TRANSFERRING THE CLAIMS AGAINST DELL TO THE WESTERN DISTRICT OF TEXAS PROMOTES NEITHER THE INTERESTS OF JUSTICE NOR THE EFFICIENT ADMINISTRATION OF THIS CASE

Dell's motion to transfer is not well-taken in light of the circumstances of this case.  In order to persuade the Court to transfer, Dell bears the burden to demonstrate that the balance of competing public and private interests strongly weighs in favor of transferring an action to another forum.  *Virgin Wireless, Inc. v. Virgin Enters., Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002).  In

- 11 -

light of the moving party's burden "to establish that the balance of the interests strongly weighs in favor of transfer, [] transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of transfer." *1st Source Bank v. Merritt,* 759 F. Supp. 2d 505, 510 (D. Del. 2011). Although the balance here cuts against disrupting the efficient administration of this case before this Court, even if the balance slightly favored transfer, Dell's motion should be denied.

Moreover, when a large defendant, such as Dell, moves to transfer "that defendant must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *Intellectual Ventures I LLC v. Altera Corp.,* 2012 WL 297720, *3 (D. Del. Jan. 24, 2012) (quotations omitted). Dell has been incorporated in Delaware for 25 years, and cannot meet its heavy burden to demonstrate that litigating in Delaware will pose a unique or unusual burden and that the balance of convenience factors (under the *Jumara* factors) *strongly* supports transfer. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970) ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.").

A closer review of the *Jumara* factors confirms that transfer is inappropriate in this case. Indeed, as explained below, transfer would do more harm than good. *E.g., Robocast, Inc. v. Apple Inc.*, C.A. No. 11-235-RGA, at 3 (D. Del. Feb. 24, 2012) (denying transfer).

A.   **The Private Interest Factors Weigh Against Transfer.**

1.   **IpVenture's rational choice of a Delaware forum should be respected.**

IpVenture made a rational choice to bring this action in Delaware, and that choice is entitled to deference. As courts in this District have explained, "the court should not disregard a plaintiff's choice of forum where it has a rational and legitimate reason for choosing the forum." *Automotive Technologies Int'l, Inc. v. American Honda Motor Co., Inc.,* 2006 WL 3783477, *2 (D. Del., December 21, 2006). Dell does not dispute the rationality of IpVenture's forum choice in general, or the specific decision to sue Dell in its state of incorporation. Several defendants are

incorporated in Delaware (Dell, Gateway, Lenovo (United States) and Toshiba America, Inc.), prior litigation relating to the same patents had been filed in the district, one of the named inventors Alan Thomas lives in close proximity in New Jersey, and the District is experienced in patent lawsuits.  Further, IpVenture's litigation against other Defendants will remain pending in this Court in this District, further supporting the forum choice for purpose of the transfer analysis. IpVenture's choice of Delaware weighs against transfer where, as here, a plaintiff has made the rational and legitimate decision to bring this case where Dell is incorporated.

>    **2.    Dell's preference for Texas should be given limited weight and ignores the burdens on IpVenture of the continuing litigation in Delaware.**

Dell's desire to transfer this action to the Western District of Texas is a *de minimus* factor given that Dell has repeatedly litigated cases in Delaware and incorporated itself in the forum for nearly three decades.  *See* note 1, supra.  Dell also wrongly argues that because Austin, Texas is closer to California litigating there should be more convenient for IpVenture too.  But Dell's argument ignores that, even if Dell's motion were granted, litigation – this litigation – will continue before this Court in Delaware.  Being forced to litigate this action in two disparate locations before two courts not only is inconvenient to IpVenture, it would be economically burdensome.  In other words, transfer increases, not decreases, the burden.  Dell's short-sighted analysis thus misses the point entirely.

>    **3.    Where the claim arose at best is neutral.**

This is a patent infringement case.  Even taking Dell's allegation at face value that Dell designs and manufactures computers in that forum, Dell sells the infringing computers in Delaware as well as other parts of the country.  Berger Decl. Ex. 7.  Hence the claim can be deemed to have arisen in Delaware.  That acts elsewhere also give rise to liability merely shows that this factor is at best neutral.

### 4.      The convenience of the parties strongly favors Delaware.

The convenience of the parties, as indicated by their relative physical and financial condition, – does not favor transfer.  Dell does not contend that it will suffer a financial hardship by litigating this case in Delaware.  *See Apple, Inc. v. High Tech Computer Corp.*, 2011 WL 143909, at *3 (D. Del. January 18, 2011) (transfer denied where movant "failed to demonstrate a specific physical or financial condition that would make litigating in Delaware burdensome.")  Indeed, "[w]hen transfer is sought by a defendant with operations on a national or international scale, that defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations."  *Simms,* 2011 WL 4501225, at *1 (citing *L'Athene, Inc.,* 570 F. Supp. 2d at 592). Dell's history of litigation in this district including its choice to incorporate in Delaware and litigate many cases in the district over the past eight years indicates that Delaware is not inconvenient.[3]  IpVenture, on the other hand, would need to retain additional counsel to represent it in the Western District of Texas.  IpVenture also would face the burdens, expenses and logistical hurdles of litigating this case in different jurisdictions.  The convenience to parties factor thus cuts against transfer.

### 5.      The convenience of the witnesses does not favor transfer.

Dell's main argument for transfer is that various employee witnesses are in the Austin area at Dell's headquarters.  Given that these witnesses are under Dell's control, courts in this District have rejected this argument.  Indeed, courts here have remarked that argument regarding a party's own witnesses and documents "carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Simms v. Thomson Reuters Tax and Accounting, Inc.,* 2011 WL 4501225, at *4-5 (D. Del. Sep. 28,

---

[3] Delaware is also more convenient for Dell's counsel.  Dell's counsel at the Winston & Strawn firm is in Chicago and New York, not Western Texas.

2011).

Dell also speculates that some former employees in Austin also may be witnesses.  But Dell has not demonstrated that any non-party would be required at trial, or that any of these witnesses are unwilling to attend trial in this District.  Moreover, even though they are former employees, these witnesses may still be under Dell's control in the event that Dell has continuing relationships with the witnesses, or perhaps agreements requiring their cooperation in matters concerning their employment at Dell.  While all this cuts against the convenience factor here, these witnesses also could be deposed and their testimony presented by video deposition.

Other third party witnesses outside Delaware and Texas also are likely to be involved in the case.  For example, it is possible that a number of individuals knowledgeable about the thermal management of Dell computers may be employed by the ODM manufacturer outside the United States.  Those witnesses would need to travel no matter what if they have to appear.  Whether the litigation occurs in Delaware or Texas will not change the convenience factor for such witnesses.  Dell also has not acknowledged that one of the inventors on the patents-in-suit, Alan Thomas, as indicated on the face of the patents-in-suit, resides in Ocean City, New Jersey, which is practically around the corner to this Court when compared to Texas.

Finally, Dell ignores that expert witnesses would be greatly inconvenienced by having to attend two proceedings.

### 6.    The location of books and records is a neutral factor.

The location of books and records – does not favor transfer.  This Court has repeatedly recognized "recent technological advances have reduced the weight of this factor to virtually nothing." *Simms,* 2011 WL 4501225, at *6.  Given Dell's self-professed sophistication (Berger Decl. Ex. 8) and ability to store and transport information, this factor should be given limited weight.  *ADE Corp. v. KLS Tencor Corp.,* 138 F.Supp.2d 565, 571 (D. Del. 2001).

**B.      The Public Interest Factors Weigh Strongly Against Transfer.**

The public interest factors further confirm that transfer is not appropriate or wise in this

case.  Transferring a slice of this litigation to the Western District of Texas would be detrimental to

the interests of judicial economy.  Forcing concurrent, duplicative, and competing litigation on the

same patents against the same accused products and processes in different courts risks conflicting

rulings and wastes the resources of the parties and the judiciary.

**1.      The adverse effects of transfer on judicial economy and the
administration of these proceedings strongly cuts against transfer.**

The clearest reason why the case should not be transferred is the obvious deleterious effect

transfer would have on judicial efficiency and economy by multiplying the litigation across

different forums.  Issues of judicial economy often present the deciding factor in a transfer analysis.

*Human Genome Sci., Inc. v. Genentech, Inc.,* 2011 WL 2911797, at *11 (D. Del. Jul. 18, 2011).

In addressing transfer requests, courts in Delaware have considered that when related

lawsuits exist, it is in the interests of justice to permit suits involving the same issues to proceed

before one court.  *Air Prods. and Chems., Inc. v. MG Nitrogen Servs., Inc.,* 133 F. Supp. 2d 354,

357 (D. Del. 2001) ("[T]he interests of judicial economy dictate that an action involving the same

patents-in-suit . . . should not proceed simultaneously in two different district courts").  For

example, in *Eolas Tech v. Adobe Systems*, a Court denied a motion to transfer a case where

numerous other defendants would remain in the jurisdiction.  2010 WL 3835762, at *6 (E.D. Tex.

Sept. 28, 2010) "[p]ractical problems include those that are rationally based on judicial economy.

Particularly, the existence of duplicative suits involving the same or similar issues may create

practical difficulties that will weigh heavily in favor or against transfer.").  The Federal Circuit

upheld the decision of the *Eolas* Court pointing out that "judicial economy plays a paramount role

in trying to maintain an orderly, effective, administration of justice and having one trial court

decide all of these claims clearly furthers that objective." *In re Google, Inc.*, 2011 WL 772875, at

*2 (Fed. Cir. March 4, 2011).

Here, Dell is advocating that the Court structure the litigation such that one party is severed

and the claims against that party transferred to the Western District of Texas, while the litigation

against the remaining Defendants proceeds in Delaware.  Given the overlapping factual issues

(*e.g.*, infringement, level of skill in the art; applicable prior art if any), as well as claim construction

questions, substantial judicial economy is achieved by maintaining the litigation against all the

Dell in one Court familiar with the patents and technologies.  Dell practically ignores this factor in

its brief.  The factor certainly is not "neutral or irrelevant" as Dell suggests.  It is neither

economical nor efficient to require multiple  courts to handle and make rulings on the same lawsuit

on the same products and same patents.

### 2.     Court congestion is not a meaningful factor.

Dell argues that the Delaware docket is overburdened and that pursuing this case in the

Western District of Texas would be a more efficient.  However, as this Court has recognized

divining time to trial based looking at the number of filings in a District is not convincing.

*Robocast, Inc.*, C.A. No. 11-235-RGA at 8 (finding that statistics regarding caseloads in various

jurisdictions are not "meaningful" and "court congestion has not caused any delay in assigning

trial dates in Delaware in a motion to transfer").  Moreover, Dell's argument about court

congestion is somewhat ironic because Dell is asking the Court to add to court congestion overall

by creating two cases, where there presently is one.  Transferring a portion of this litigation to the

Western District of Texas and creating another case would not eliminate the ongoing litigation in

Delaware.

### 3.     Delaware has an interest in this litigation.

Finally, Delaware's interest in this litigation favors denial of the motion.  Dell not only is

incorporated in Delaware, Dell has targeted Delaware residents with its services and products.  As this Judge Stark observed, "Delaware clearly has a substantial interest in addressing lawsuits brought against Delaware corporations." *Autodesk Can.  v.  Assimilate, Inc.*, 2009 WL 3151026, at *9 (D. Del. Sep. 29, 2009) ("Delaware clearly has a substantial interest in addressing lawsuits brought against Delaware corporations."); *Mallinckrodt v.  E-Z-EM Inc.*, 670 F.  Supp. 2d 349, 357 (D. Del. 2009) (same).

*       *       *

The balance of factors disfavors the transfer of claims against Dell.

## VII.    CONCLUSION

This Court is an appropriate forum for IpVenture's claims against Dell and the other Defendants.  Dell's request to sever and transfer this case away from its home state of incorporation, where it has litigated numerous cases, does not serve the convenience of the parties or the Court, and indeed would hamper the efficient and economical administration of this litigation.  IpVenture respectfully requests that the Court deny Dell's motion so the parties can move to preparing this case on the merits.

OF COUNSEL:

|  |  |
|---|---|
|  | /s/ Steven L. Caponi_____ |
| Morgan Chu | Steven L. Caponi (I.D. No. 3483) |
| Richard Birnholz | BLANK ROME LLP |
| Babak Redjaian | 1201 Market Street, Suite 800 |
| Dorian Berger | Wilmington, Delaware  19801 |
| IRELL & MANELLA LLP | (302) 425-6400 |
| 1800 Avenue of the Stars, Suite 900 |  |
| Los Angeles, California  90067-4276 |  |
|  | *Attorneys for Plaintiff IpVenture, Inc.* |
| Dated: April 12, 2012. |  |