IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPVENTURE, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>ACER, INC., *et al.*,<br><br>                Defendants. | C.A. No. 11-588-RGA<br><br>**JURY TRIAL DEMANDED** |

**REPLY BRIEF IN SUPPORT OF THE MOTION OF
DEFENDANT DELL INC. TO SEVER AND TRANSFER**

OF COUNSEL:

Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-5600
(312) 558-5600
kanderson@winston.com

Howard I. Shin
Peter Lambrianakos
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
hshin@winston.com
plambrianakos@winston.com

Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com

*Attorneys for Defendant Dell Inc.*

RLF1 5982349v. 1

## TABLE OF CONTENTS

I. Introduction ........................................................................................................................1

II. Argument ............................................................................................................................2

    A. The Claims Against Dell Should Be Severed from this Action ..............................2

        1. The Complaint Fails the First Prongs of 35 U.S.C. § 299(a) and Rule 20(a)(2). ........................................................................................................2

        2. Plaintiff's Complaint Against Dell Also Fails the Second Prongs of U.S.C. § 299(a) and Rule 20(a) ..................................................................7

    B. The Severed Claims Against Dell Should Be Transferred. ....................................7

        1. The Plaintiff's Choice of Forum ................................................................7

        2. Dell's Choice of Forum ..............................................................................8

        3. Where the Claim Arose ..............................................................................8

        4. The Convenience of the Parties .................................................................9

        5. The Convenience of the Witnesses ............................................................9

        6. Other Practical Considerations .................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Affymetrix, Inc. v. Systeni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998) ..........................................................................................9

*Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.*
  133 F. Supp. 2d 354 (D. Del. 2001) ........................................................................................10

*Androphy v. Smith & Nephew, Inc.*,
  31 F. Supp. 2d 620 (N.D. Ill. 1998) ..........................................................................................4

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
  No. 09-554-JJF, 2010 WL 3037478 (D. Del. July 30, 2010) ..................................................9

*Battle v. Dist. of Columbia*,
  No. 08-1449(JR), 2009 WL 6496484 (D.D.C. Apr. 29, 2009) ................................................4

*Brandywine Commc'ns. Techs. LLC v. Apple Inc.*,
  No. 6:11-cv-1512-Orl-36DAB, 2012 WL 527180 (M.D. Fla. Feb. 17, 2012) ........................3

*Demboski v. CSX Transp., Inc.*,
  157 F.R.D. 28 (S.D. Miss. 1994) ..............................................................................................4

*Deskovic v. City of Peekskill*,
  673 F. Supp. 2d 154 (S.D.N.Y. 2009) ......................................................................................4

*Eolas Tech., Inc. v. Adobe Sys., Inc.*,
  No. 6:09-CV-446, 2010 WL 3835762 (E.D. Tex. Sept. 28, 2010) .........................................10

*Human Genome Sciences, Inc. v. Genentech, Inc.*,
  No. 11-082-LPS, 2011 WL 2911797 (D. Del. July 18, 2011) .................................................8

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221, 1223 (Fed. Cir. 2011) ......................................................................................7

*IpVenture, Inc. v. Cellco P'ship*,
  No. 3:10-cv-4755-JSW (N.D. Cal. Oct. 20, 1010) ...................................................................8

*IpVenture, Inc. v. FedEx Corp.*,
  No. 4:11-cv-5367-PJH (N.D. Cal. Nov. 4, 2011) .....................................................................8

*IpVenture, Inc. v. Prostar Computer, Inc.*,
  No. CV 03-5780-DSF (N.D. Cal. Aug. 14, 2003) ....................................................................8

RLF1 5982349v. 1

*Joao Control & Monitoring Sys. of Cal., LLC v. ACTI Corp. Inc.*
　No. 8:10-cv-01909, 2011 WL 1519277 (C.D. Cal. Apr. 13, 2011) ........................................4

*Lektron, Inc. v. GE Lighting, Inc.,*
　No. 11-CV-413-TCK-PJC, 2012 WL 1085486 (N.D. Okla. Mar. 30, 2012) ........................3

*Mekiki Co. v. Facebook, Inc.,*
　No. 09-745(JAP), 2010 WL 2348740 (D. Del. June 7, 2010) ..............................................8

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
　564 F. Supp. 1358 (D. Del. 1983) .....................................................................................4, 7

*Philips Elec. N. Am. Corp. v. Contec Corp.,*
　220 F.R.D. 415 (D. Del. 2004) ..............................................................................................3

*Ross v. Meagan,*
　638 F.2d 646 (3d Cir. 1981), *overruled on other grounds by*
　*Roman v. Jeffes*, 904 F.2d 192 (3d Cir. 1990) ......................................................................4

*Rudd v. Lux Prods. Corp. Emerson Climate Tech. Braeburn Sys. LLC,*
　No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011) ............................................4, 7

*Summers v. Tice,*
　33 Cal. 2d 80, 199 P.2d 1 (Cal. 1948) ...................................................................................3

*ThermaPure, Inc. v. Temp-Air, Inc.,*
　No. 10-cv-4724, 2010 WL 5419090 (N.D. Ill. Dec. 22, 2010) .............................................5

*Wacoh Co. v. Kionix Inc.,*
　No. 10-617-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012) ...................................................8

*White v. ABCO Eng'g Corp.,*
　199 F.3d 140 (3d Cir. 1999) ..................................................................................................1

*Wilson v. Bruce,*
　400 F. App'x 106 (7th Cir. 2010) ..........................................................................................4

**STATUTES**

28 U.S.C. § 299(a) and 20(a)(2) ....................................................................................................6

28 U.S.C. § 1404(a) ............................................................................................................2, 9, 10

35 U.S.C. § 299(a) ...........................................................................................................1, 2, 3, 7

35 U.S.C. § 299(a)(1) .................................................................................................................2, 3

35 U.S.C. § 299(b) ............................................................................................................1

**OTHER AUTHORITIES**

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653 (3d ed. 2001 & Supp. 2005) ................................................................2

8 Donald S. Chisum, *Chisum on Patents* § 21.03[6][a] (2011) ........................................4

Fed. R. Civ. P. 20 ....................................................................................................1, 4, 5

Fed. R. Civ. P. 20(a)(2) ......................................................................................2, 3, 4

Fed. R. Civ. P. 21 ....................................................................................................1, 2, 3

Fed. R. Civ. P. 20(a) ....................................................................................... *passim*

H.R. Rep. No. 112-98, pt. 1 (2011) ...........................................................................1, 5

Restatement (Second) of Contracts § 289 (1981) ...........................................................2

Restatement (Second) of Torts § 433B(3) (1965) ...........................................................3

Restatement (Second) of Torts § 875 (1979) ..................................................................2

I. **INTRODUCTION**

Congress adopted Section 299 of the American Invents Act to stop the practice of Plaintiff IpVenture ("IpV") and others from suing multiple defendants for patent infringement in a single lawsuit based on allegations that they have infringed the same patent or patents in suit. 35 U.S.C. § 299(b). Congress considered, and found unpersuasive, the same arguments that Plaintiff tenders here, namely judicial economy and the avoidance of duplicative proceedings. H.R. Rep. No. 112-98, pt. 1 at 55 n.61 (2011) ("Section 299 legislatively abrogates" such construction of Rule 20(a)). (*See* Ex. A attached hereto.) Congress expressly forbade the joining of accused infringers in a single lawsuit "based solely on allegations that they have infringed the patent or patents in suit." 35 U.S.C. § 299(b). Under the new statutory regime, joinder of multiple defendants in a single lawsuit is proper only if:

> (1) any right to relief is asserted against the parties *jointly, severally, or in the alternative* with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the *same accused product or process; and*
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added). *See also* Fed. R. Civ. P. 20.

Here, IpV's Amended Complaint fails the new statutory regime. The Amended Complaint plainly does not allege, and cannot allege, that Dell is jointly, severally, or alternatively liable for selling the same accused products as its competitor co-Defendants and that the factual questions pertinent to Dell's alleged infringement are common to all Defendants. Dell, therefore, must be severed.

Once severed under Rule 21, improperly or unfairly joined claims "become independent actions." *See, e.g., White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999). In this

case, IpV's infringement claims against Dell should be transferred to the Western District of Texas where venue is clearly more convenient within the meaning of 28 U.S.C. § 1404(a).

## II. ARGUMENT

### A. THE CLAIMS AGAINST DELL SHOULD BE SEVERED FROM THIS ACTION.

Joinder of Dell with unrelated Defendants is improper because IpV does not allege that its "right to relief is asserted against the parties *jointly, severally, or in the alternative* with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences* relating to the making, using, importing into the United States, offering for sale, or selling of the *same accused product or process*." 35 U.S.C. § 299(a)(1) (emphasis added). These requirements are common to Rule 20(a), Federal Rules of Civil Procedure. Moreover, severance under Rule 21, Federal Rules of Civil Procedure, is required where joinder is improper, i.e., where a plaintiff fails to satisfy both of Rule 20(a)(2)'s requirements for joining multiple defendants in a single action. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653 (3d ed. 2001 & Supp. 2005) (both requirements must be satisfied to sustain Rule 20(a) joinder).

#### 1. THE COMPLAINT FAILS THE FIRST PRONGS OF 35 U.S.C. § 299(A) AND RULE 20(A)(2).

The first prongs of 35 U.S.C. § 299(a) and Rule 20(a)(2) require joint, several, or alternative liability arising out of the same transaction, occurrence, or series of transactions. Here, IpV's Amended Complaint alleges no joint, several, or alternative liability of Dell.

Joint liability arises when two or more tortfeasors act in common and are jointly liable for the entire harm. *See* Restatement (Second) of Torts § 875 (1979). The converse is several liability, where the parties are liable for only their respective obligations. *See* Restatement (Second) of Contracts § 289 (1981). A common example of several liability is in syndicated

loan agreements, which will normally provide that each bank is severally liable for its own part of the loan. "Alternative" liability is another theory of relief developed to alleviate problems of identification and causation. As explained in the Restatement (Second) of Torts § 433B(3) (1965): "Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm." An example is where two people negligently fire guns at a plaintiff, only one bullet hits the plaintiff, but uncertainty exists as to which bullet hit the plaintiff. *See e.g., Summers v. Tice*, 33 Cal. 2d 80 (Cal. 1948). Under alternative liability theory, each defendant is liable for the whole of plaintiff's injury unless he can prove that the other fired the injurious bullet. *Id.*

IpV's failure to allege any joint, several, or alternative liability by Dell should end the joinder inquiry. Absent such an allegation, joinder is improper under the first prongs of 28 U.S.C. § 299(a) and Rule 20(a)(2), and severance under Rule 21 is mandatory. *See Philips Elec. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417-18 (D. Del. 2004) (improper joinder where no allegations of joint, several, or alternative liability); *Brandywine Commc'ns. Techs. LLC v. Apple Inc.*, No. 6:11-cv-1512-Orl-36DAB, 2012 WL 527180, at *1 (M.D. Fla. Feb. 17, 2012) (same); *Lektron, Inc. v. GE Lighting, Inc.*, No. 11-CV-413-TCK-PJC, 2012 WL 1085486, at *2 (N.D. Okla. Mar. 30, 2012) (same).

Even if IpV had alleged some type of joint, several, or alternative liability, joinder of Dell is improper here because any such alleged liability must arise from the "*same transaction, occurrence, or series of transactions or occurrences* relating to the making, using, importing into the United States, offering for sale, or selling of the *same accused product or process.*" 35 U.S.C. § 299(a)(1) (emphasis added). This "common transaction requirement" is not met where

defendants "are separate companies that independently design, manufacture and sell different products in competition with each other." *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998); *see also* 8 Donald S. Chisum, *Chisum on Patents* § 21.03[6][a] (2011) ("same transaction" test not met "when the only basis for joinder is that they are engaged in similar acts of infringement."). Accordingly, Rule 20(a) prohibits plaintiffs from joining patent infringement claims against unrelated defendants based on distinct products or acts. *See, e.g., Joao Control & Monitoring Sys. of Cal., LLC v. ACTI Corp. Inc.*, No. 8:10-cv-01909, 2011 WL 1519277 (C.D. Cal. Apr. 19, 2011); *Rudd v. Lux Prods. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent."); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983) (same).

A plaintiff also bears the burden of satisfying Rule 20(a)(2)'s pleading requirements in the complaint itself. *See Ross v. Meagan*, 638 F.2d 646, 650 n.5 (3d Cir. 1981) ("Unless an amended joint complaint can show the nexus between both appellants' claims required by Rule 20(a), they must file separate complaints and proceed with separate actions."), *overruled on other grounds by Roman v. Jeffes*, 904 F.2d 192 (3d Cir. 1990); *Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, 29 (S.D. Miss. 1994) (plaintiffs' complaint allegations did not show that claims were transactionally related); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) (plaintiff bears the burden of demonstrating joinder is warranted under Rule 20); *Wilson v. Bruce*, 400 F. App'x 106, 107 (7th Cir. 2010) (same); *Battle v. Dist. of Columbia*, No. 08-1449(JR), 2009 WL 6496484, at *2 (D.D.C. Apr. 29, 2009) (same). Moreover, a plaintiff cannot

circumvent Rule 20(a)'s transactional relatedness requirement through a vague complaint that offers a "piecemeal divulgement of the relevant facts" in order to frustrate the joinder inquiry so that the plaintiff can "benefit from its own recalcitrance at defendants' and the court's expense." *ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10-cv-4724, 2010 WL 5419090, at *5 (N.D. Ill. Dec. 22, 2010) (granting severance after finding that Complaint allegations were insufficient to justify joinder).

Faced with this overwhelming contrary legal authority and a dearth of Complaint allegations that satisfy Rule 20, IpV would have this Court rewrite its Complaint. IpV argues: "*in other words*, the allegations are not just that the Defendants all infringe, but that the Defendants are alleged to infringe by using the same components and technology." (Resp. at 7, emphasis added.) But a review of IpV's Amended Complaint reveals that it has not alleged that Dell is jointly, severally, or alternatively liable with the other Defendants because it is using the same components as the other Defendants. And, the Amended Complaint accuses Dell of infringement based on the sale of Dell-brand computers alone (D.I. 36 ¶¶ 31, 40, 49, 58), and not the same computers or components as any other Defendant. The sharing of general classes of components such as Intel processors, common to the majority of computers in the marketplace, does not make all of the accused products "the same products" for the purposes of joinder. If this were so, then manufacturers of any product, such as telephones, cars, or microprocessors, could be joined in an action for patent infringement because any plaintiff could invariably name common components in each product that would be relevant to its claim for patent infringement. The "same accused products" requirement would thus be rendered superfluous, and the minority view of Rule 20(a) that was explicitly rejected by Congress in adopting Section 299 would control. *See* H.R. Rep. No. 112-98, pt. 1 at 55 n.61 (2011).

Moreover, even if Dell and other Defendants use the same contract-manufacturer (an "Original Design Manufacturer" or "ODM") to make notebook computers, this hardly means that the ODM makes the same computers for each of its clients or that Dell, therefore, is jointly, severally, or alternatively liable to Plaintiff. Quite the opposite, Dell's ODMs manufacture computers to the unique specifications provided by Dell, and no reason has been pled, or exists, to believe that Dell or any other Defendant has independently requested that a common ODM build computers to exactly the same specifications or that such commonality somehow leads to joint, several, or alternative liability.

Similar to its "ODM" argument, IpV mischaracterizes paragraphs 23 and 24 of the Amended Complaint, arguing that these paragraphs describe how "Dell and the other Defendants are infringing by employing *the same process* using [] common components." (D.I. 109 at 1 (emphasis added).) Paragraphs 23 and 24 do not allege that all of the Defendants infringe by using the same process; rather, the Amended Complaint generally speculates that "common questions of fact as to all Defendants on at least the issues of infringement, claim construction and validity" will arise because Defendants' computers share computer components. (D.I. 36 ¶ 23.) Similarly, IpV's assertion that it alleged in the Amended Complaint that "Dell sells and uses the same infringing apparatus and process with fans and throttling to thermally manage their computers . . ." is mistaken. (D.I. 109 at 8 (citing D.I. 36 ¶¶ 23-24).) The Amended Complaint does not allege that the infringement arises from the use of "fans and throttling," and the term "throttling" appears nowhere in the Amended Complaint.

Under these circumstances, joinder of Dell is improper under the first prongs of Rule 28 U.S.C. § 299(a) and 20(a)(2) alone. No further analysis of the second prongs is necessary.

### 2. PLAINTIFF'S COMPLAINT AGAINST DELL ALSO FAILS THE SECOND PRONGS OF U.S.C. § 299(A) AND RULE 20(A).

The Amended Complaint also fails to allege facts sufficient to the second prong, which requires that the claims against the various Defendants present questions of fact common to all Defendants. Virtually all of IpV's arguments about common questions of fact amount to no more than transparent repackaging of the "same patents" ground now forbidden by the America Invents Act. It is now beyond peradventure that an allegation that unrelated defendants, through different acts or products, infringed the same patents is insufficient. *See Rudd*, 2011 WL 148052, at *3; *Paine*, 564 F. Supp. at 1371.[1]

### B. THE SEVERED CLAIMS AGAINST DELL SHOULD BE TRANSFERRED.

Under *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011), a defendant's motion for transfer should not be denied where the only considerations weighing against transfer are the plaintiff's choice of forum and the defendant's incorporation in Delaware. Here, all other relevant considerations weigh heavily in favor of transfer to the Western District of Texas.

**1. The Plaintiff's Choice of Forum.** IpV mostly argues facts (including the proximity of a witness and this District's experience in patent suits) that are irrelevant to assessing the strength of a plaintiff's choice of forum (D.I. 109 at 12-13). In truth, IpV has no connection to Delaware. It has no facilities, employees, or books and records in Delaware. Its principal counsel is in California. Further, IpV filed other patent infringement lawsuits involving

---

[1] Plaintiff also argues that Dell's motion is an exercise in futility because the Court may nevertheless consolidate Plaintiff's claims against Defendants under Rule 42 of the Federal Rules of Civil Procedure. (D.I. 109 at 9-10.) Plaintiff cites the 1998 edition of *Chisum On Patents* and a 1980 decision by the United States District Court of the Northern District of Illinois. Plaintiff has overlooked that the law changed in 2011. Under Section 299(a) of the America Invents Act, any civil action relating to patents may be consolidated for trial only if the requirements of Section 299(a)(1) and (2) are satisfied. 35 U.S.C. § 299(a). Here, as explained above, Plaintiff has not satisfied these dual requirements.

-7-

RLF1 5982349v. 1

thermal and power management technology in its home forum of the Northern District of California. *See IpVenture, Inc. v. Prostar Computer, Inc.*, No. CV 03-5780-DSF (N.D. Cal. Aug. 14, 2003). Delaware is not Plaintiff's "home turf," and thus is not entitled to the deference that would be afforded "if the plaintiff had its principal place of business (or, indeed, *any* place of business) in Delaware." *See Wacoh Co. v. Kionix Inc.*, No. 10-617-RGA, 2012 WL 70673, at *3 (D. Del. Jan. 9, 2012) (emphasis added).

**2. Dell's Choice of Forum.** IpV argues that Dell's choice of forum is entitled to little weight because Dell has not moved to transfer in other cases in Delaware. However, a party's status as a defendant in other Delaware cases does not weigh against transfer. *Mekiki Co. v. Facebook, Inc.*, No. 09-745(JAP), 2010 WL 2348740, at *4 n.1 (D. Del. June 7, 2010) (that Facebook is a defendant in other unrelated lawsuits in Delaware was irrelevant on a motion to transfer). Here, Dell's status as a defendant in other Delaware cases before enactment of the America Invents Act or where Dell may have been only a nominal party (because of indemnification agreements) is irrelevant to the Court's analysis.

IpV also argues that it would be economically burdensome to litigate in multiple courts. But this is unpersuasive. IpV is a well-funded, litigious entity that recently filed two patent infringement actions in California against Delaware entities. *See IpVenture, Inc. v. FedEx Corp.*, No. 4:11-cv-5367-PJH (N.D. Cal. Nov. 4, 2011); *IpVenture, Inc. v. Cellco P'ship*, No. 3:10-cv-4755-JSW (N.D. Cal. Oct. 20, 1010). IpV's filing history shows that its venue shopping is not based on cost considerations.

**3. Where the Claim Arose.** Plaintiff's argument that the sale of products in Delaware neutralizes Dell's Texas-based activities is incorrect. Texas has a special connection to this case because the accused products were developed and manufactured there. *See Human*

*Genome Sciences, Inc. v. Genentech, Inc.*, No. 11-082-LPS, 2011 WL 2911797 (D. Del. July 18, 2011) (transfer favored when another venue has significant connections with the operative facts); *Angiodynamics, Inc. v. Vascular Solutions, Inc.*, No. 09-554-JJF, 2010 WL 3037478, at *3 (D. Del. July 30, 2010) (even where infringement is national in scope, transfer is favored where defendant's acts that allegedly induced infringement were committed in another district).

**4. The Convenience of the Parties.** IpV does not deny that the Western District of Texas is far more convenient for Dell and that IpV will save significant travel time and costs traveling to Austin, Texas, instead of Wilmington, Delaware. IpV's only convenience argument is that it should not have to hire new local counsel in Texas to replace its Delaware counsel in the severed action. (D.I. 109 at 14.) But this is not a relevant convenience factor under any precedent. The cost of local counsel hired in the wrong forum is a financial risk that IpV took when it knowingly joined Dell improperly after the America Invents Act. Nothing in the Act or this Court's jurisprudence allows IpVenture to use that financial risk as grounds for avoiding proper transfer under 28 U.S.C. § 1404(a). Stripped of its flimsy local counsel argument, IpV has no argument that the convenience of the parties factor favors Delaware.

**5. The Convenience of the Witnesses.** IpV has not identified any third-party witnesses in Delaware. Instead, IpV trivializes the inconvenience of this District to Dell's former-employee witnesses (who participated in the development of Dell's thermal and power management systems) by speculating that they may not ultimately be required for trial, and may be willing to suffer the cost and inconvenience of appearing at trial in Delaware even though they no longer work for Dell. (D.I. 109 at 14-15.) This argument is entitled to no weight. Here, the convenience of non-party witnesses who have first hand knowledge of the events giving rise to a case weigh heavily in the transfer analysis. *Affymetrix, Inc. v. Systeni, Inc.*, 28 F. Supp. 2d

192, 203 (D. Del. 1998). There are no such witnesses in Delaware. This factor, therefore, favors transfer to the Western District of Texas.[2]

**6. Other Practical Considerations.** IpV argues that the severed claims against Dell should not be transferred because it would be more efficient to have all of the litigation of the Asserted Patents against all Defendants in one district. But this argument is a rehash of its arguments against severance – arguments that are precluded under the America Invents Act. IpV also ignores that, as a matter of law, the weighing of factors under 28 U.S.C. 1404(a) after severance looks at only IpV's severed claim against Dell. Properly viewed through the correct legal lens, the conclusion is inescapable that it will not be more efficient (or easy, or less expensive) to Dell and the non-party witnesses to try IpV's claim against Dell in Delaware. The Dell accused products, witnesses, and documents are entirely different from those of any other Defendants in this case. Moreover, Plaintiff's infringement theories presumably will be tailored to Dell's products, and Dell has the right to pursue its own claim construction and invalidity theories. At bottom, a trial in Delaware is not easy, expeditious, or inexpensive for Dell.[3]

---

[2] The convenience to Alan Thomas, a named inventor of the Asserted Patents, should be given no weight because he is the father of Douglass Thomas, the other named inventor and a principal in IpVenture. Plaintiff failed to disclose to the Court whether Alan Thomas is obligated to assist IpVenture. It is inconceivable that he is not.

[3] The cases cited by Plaintiff are inapposite. In *Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.*, 133 F. Supp. 2d 354, 357 (D. Del. 2001), the action was transferred to a district where another suit involving the same patents and mostly the same parties was pending. Here, there will be no overlap. The decision in *Eolas Techs., Inc. v. Adobe Sys. Inc.*, No. 6:09-CV-446, 2010 WL 3835762 (E.D. Tex. Sept. 28, 2010), is similarly inapposite because, under the proper analysis, the convenience to Defendants other than Dells irrelevant to Dell's motion.

RLF1 5982349v. 1

OF COUNSEL:

Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-5600
(312) 558-5600
kanderson@winston.com

Howard I. Shin
Peter Lambrianakos
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
hshin@winston.com
plambrianakos@winston.com

/s/ Steven J. Fineman
Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com

*Attorneys for Defendant Dell Inc.*

-11-

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing and electronically mailed to the following:

Steven L. Caponi
Blank Rome LLP
1201 North Market Street
Suite 800
Wilmington, DE 19801-4226
caponi@blankrome.com

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com

Adam Wyatt Poff
Monté T. Squire
Young, Conaway, Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com

John C. Phillips , Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pgslaw.com

John G. Day
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
jday@ashby-geddes.com

/s/ *Steven J. Fineman*
Steven J. Fineman (#4025)
Fineman@rlf.com