IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IPVENTURE INC., :
:
:
    Plaintiff, :
  v. : Civil Action No. 11-588-RGA
:
LENOVO GROUP LIMITED, :
et al., :
:
    Defendants. :

**MEMORANDUM ORDER**

Before the Court are motions, filed by all remaining defendants, to dismiss portions of the Second Amended Complaint for failure to state a claim. (D.I. 127, 133, 134, 137). All motions seek dismissal of the claims of indirect infringement and of most or all of the allegations of willfulness.[1] There are no challenges to the allegations of direct infringement.

The Plaintiff in its Second Amended Complaint asserts that four patents are infringed, all of which concern "thermal and power management" for "computer systems." The patents are the '668 patent (issued November 26, 2002), the '993 patent (issued January 23, 2007), the '190 patent (issued March 17, 2009), and the '599 patent (issued May 3, 2011). (D.I. 120, ¶¶ 15-18). The Second Amended Complaint is 81 pages long, but the allegations, in material respects, are

---

[1] In an earlier order, I denied various requests to dismiss the willfulness allegations as to the '668 patent, the earliest of the four patents. I do not interpret any of the motions to renew the request. (D.I. 128, pp. 11-12 [drawing no distinction among the patents, although Dell had not sought to dismiss the willfulness allegations in the last round of motions to dismiss]; D.I. 135, p.10 n.4 [Acer and Gateway acknowledging prior ruling]; D.I. 138, p.10 [Toshiba only requesting dismissal on the three most recent patents]). I do not think Dell has asked to revisit the issue, and, in any event, I see no need to do so.

very similar against all defendants.

For example, it is alleged that Dell infringes the '599 patent by selling "Dell brand computers."[2] (*Id.*, ¶52). It is further alleged that Dell is "actively inducing others to infringe the '599 patent." (*Id.*, ¶53). The "others" are identified as its customers and end users. (*Id.*). The inducing activities consist of such things as providing user manuals and online help files. (*Id.*). Dell is alleged to have had knowledge of the '599 patent since it was added as a defendant by the Amended Complaint, filed November 28, 2011. (*Id.*). Dell is further alleged to have had "knowledge of the '599 patent family before November 28, 2011." (*Id.*, ¶54). In support of this knowledge allegation, various facts are pled. The Plaintiff sent a notice to Dell on September 9, 2003, stating, "Dell products appear to utilize the technologies patented by [Plaintiff] and may be infringing one or more patents in the '599 patent family."[3] (*Id.*). Dell has obtained patents that "cite[] patents in the '599 patent family as prior art." (*Id.*). Bloomberg News in a July 2009 article described Plaintiff's "initiation of litigation against Sony and Panasonic based on infringement of patents in the '599 patent family." (*Id.*). Someone issued a press release in February 2011 "which described the settlement of litigation between [Plaintiff] (sic) and the fact that Sony has taken a license to patents in the '599 patent family." (*Id.*). There is a boilerplate[4]

---

[2] I do not think the Second Amended Complaint provides any further useful information to Dell when it states that the infringing products are "Dell brand computers, including notebook computers, that contain and/or utilize thermal management apparatus and/or methods and meet the limitations of one or more claims of the '599 patent." (*Id.*, ¶52). The last part of the allegation simply means the infringing products are the products that infringe. I suspect all computers have some sort of thermal management apparatus (*see* D.I. 71, at 11), and stating that the notebook computers are included does not limit the class of accused products.

[3] The actual letter, per Dell, has been filed with the Court. (D.I. 72-1, at 2).

[4] The exact same language is inserted into the separate patent allegations against each of the Defendants. Most of the allegations are "personalized" for each Defendant, i.e., when the Defendant in question is Dell, "Dell" is used, rather than "Defendants." This is not the case for

allegation of "willful blindness" to the Plaintiff's patent "covering Defendants' products." (*Id.*). Dell "intends that its computers be used as intended in an infringing manner," and knew that "its products were especially adapted for use in an infringement of the '599 patent." (*Id.*, ¶55). Dell is alleged to contributorily infringe by selling/importing Dell brand computers that "contain components constituting a material part of one or more claims of the '599 patent." (*Id.*, ¶56). The direct infringers are again Dell customers and end users. The Dell-branded computers "are especially made or adapted for use in an infringement of the '599 patent and are not staple articles of commerce suitable for substantial non-infringing uses." (*Id.*). The infringement is alleged to be willful and deliberate. (*Id.*, ¶57). The standard for willfulness is parroted. (*Id.*.). The allegations against Dell are identical in all material respects on the other three patents. (*See id.*, ¶¶ 90-95, 128-33, 166-71).

Dell's motion to dismiss (D.I. 127) seeks to dismiss the claims of induced infringement, contributory infringement, and willfulness as to three of the patents, not including the '668 patent.

Dell argues that: (1) the indirect infringement claims do not properly allege direct infringement by Dell's customers (*Id.*, pp. 7-8); (2) the indirect infringement claims do not properly allege Dell's intent that its customers infringe the patents and that it knew that its customers' actions would constitute infringement (*Id.*, pp. 8-9); (3) contributory infringement is improperly alleged (*Id.*, pp. 9-10); and (4) the allegations of willfulness are insufficient (*Id.*, pp. 11-12).

<u>Direct infringement by Dell's customers</u>. The allegations do not have to identify specific customers. *See In re Bill of Lading Transmission & Processing System Patent Litigation*, 681

---

the willful blindness language.

F.3d 1323, 1336 (Fed. Cir. 2012). I believe the Complaint can be fairly read to say that Dell's customers "infringe the [named patent] through normal use of the Dell brand computers." (D.I. 120, ¶53). Thus, I do not believe that Dell's first argument provides a basis for dismissal of the indirect infringement claims.

Dell's intent and knowledge. The allegations are insufficient to state a claim for indirect infringement before the start of litigation against Dell in this case, which is November 28, 2011. While there is the required allegation that the defendant knew about the existence of the '599 patent, *see Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2068 (2011), the factual support alleged does not contain any allegation directly supporting knowledge, and the indirect support is, at best, tenuous. To the extent the allegations can be read to allege that the defendant knew that the induced acts constituted patent infringement, *see id.* at 2068-70, that knowledge is wholly unsupported by any factual allegation, other than the knowledge that would have been gained from having this lawsuit served upon Dell.

Contributory infringement. The Complaint makes a separate allegation of contributory infringement. It recites the various elements of contributory infringement without providing any factual support to give context (or, perhaps more importantly, plausibility) to the allegations. The factual allegations in support of pre-November 28, 2011, knowledge are insufficient.

Willfulness. I believe, under the authority of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009), that the claim of "willfulness" may be alleged generally, but that there must be facts alleged that "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See id.* at 210-11. Whether the facts are sufficient is a "'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* The factual support for the allegations of willfulness made in connection

with the '599 patent is insufficient. The '599 patent was issued on May 3, 2011. The factual allegations describe discrete events occurring from 2003 to February 2011. At most, the factual allegations plausibly support the conclusion that both the Plaintiff and Dell had patents in the thermal power and management field, but there is nothing factual to plausibly support the conclusion that Dell "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and that Dell knew or should have known that its actions constituted infringement of a valid patent.

Knowledge from the Complaint. Dell was added as a defendant November 28, 2011. At some point thereafter, service of the complaint meant that Dell's knowledge of the existence of the patent had been forcefully brought to its attention. It then becomes a factual question whether Dell's continued activities relating to the sale of computers were willful. Thus, to the extent Plaintiff has alleged that Dell acted willfully since service of the Complaint, I believe that allegation is plausible.

Dismissal with or without prejudice. I previously dismissed these same allegations, based upon much the same arguments, without prejudice. Plaintiff's Second Amended Complaint nearly doubled in size from the Amended Complaint, but added almost nothing of substance to what was in the Amended Complaint. Thus, this time, the dismissals will be with prejudice, as it is clear that Plaintiff cannot satisfactorily amend its Complaint.

Thus, as to Dell, the Motion to Dismiss (D.I. 127) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement as to all patents are **DISMISSED WITH PREJUDICE**, except that the claims of induced infringement post November 28, 2011, remain, and the allegations of willfulness as to the '599, '190, and '993 patents are **DISMISSED WITH PREJUDICE**, except as to post November 28, 2011.

For similar reasons, on the other motions to dismiss, the Court rules as follows:

1. As to Lenovo, the Motion to Dismiss (D.I. 133) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement as to all patents are **DISMISSED WITH PREJUDICE**, except that the claims of induced infringement post November 28, 2011, remain, and the allegations of willfulness as to the '599, '190, and '993 patents are **DISMISSED WITH PREJUDICE**, except as to post November 28, 2011.

2. As to Acer and Gateway, the Motion to Dismiss (D.I. 134) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement as to all patents are **DISMISSED WITH PREJUDICE**, except that the claims of induced infringement post November 28, 2011, remain, and the allegations of willfulness as to the '599, '190, and '993 patents are **DISMISSED WITH PREJUDICE**, except as to post November 28, 2011.

3. As to Toshiba, the Motion to Dismiss (D.I. 137) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement as to all patents are **DISMISSED WITH PREJUDICE**, except that the claims of induced infringement post November 28, 2011, remain, and the allegations of willfulness as to the '599, '190, and '993 patents are **DISMISSED WITH PREJUDICE**, except as to post November 28, 2011.

January 8, 2013
Date

Richard G. Andrews
United States District Judge